Bruce CUMMINGS, Appellant,

v.

Fred DUNN, Thomas M. Booker, Aline Mason, and David Kovac, Appellees.

No. 79–2081.

United States Court of Appeals, Eighth Circuit.

Submitted July 2, 1980.

Decided Sept. 29, 1980.

Bruce Cummings in pro. per.

Eugene P. Freeman, Acting City Counselor, Michael E. Hughes, Asst. City Counselor, St. Louis, Mo., for appellees.

Before VOGEL,\* Senior Circuit Judge, and STEPHENSON and ARNOLD, Circuit Judges.

PER CURIAM.

Bruce Cummings filed this pro se complaint pursuant to 42 U.S.C. § 1983,[1] alleging deprivations of his civil rights while he was a pre–trial detainee at the St. Louis Municipal Jail. Defendants' motion for summary judgment was treated by the district court as a motion to dismiss pursuant to 28 U.S.C. § 1915(d)[2] and was granted. We affirm in part and reverse in part.

Cummings alleges in his complaint that on June 11, 1979, defendant Fred Dunn, a lieutenant at the jail, fabricated an incident report accusing Cummings of fighting with another inmate. He claims that the fight

---

\* This opinion was written by Judge Vogel and concurred in by Judges Stephenson and Arnold before Judge Vogel's death.

1. 42 U.S.C. § 1983 states:
   Every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding to redress.

2. 28 U.S.C. § 1915(d) states:
   The court may request an attorney to represent any such person [proceeding in forma pauperis] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, *or if satisfied that the action is frivolous or malicious.* (Emphasis added.)

never occurred, and in fact could not have occurred because at the time Cummings could not walk without help. He was brought before the jail adjustment committee for disciplinary proceedings. There, he alleges, defendants Thomas M. Booker, Aline Mason and David V. Kovac conspired to deprive him of his rights by failing to allow him a spokesperson, an attorney, or witnesses. He was then placed in administrative segregation for ten days, where he alleges he was denied cleaning, reading and writing materials, exercise and fresh air, and access to law books, radio, television and medication.

On the basis of these facts, Cummings claims (1) the acts of Dunn, Booker, Mason and Kovac in participating in the disciplinary hearing were violations of his right to procedural due process and (2) the acts of the defendants in placing him in administrative segregation amounted to cruel and unusual punishment.

### (1) Procedural Due Process

■ Defendants filed a motion for summary judgment. In support of their motion, each defendant filed an affidavit. Fred Dunn stated that on June 11, 1979, he observed Bruce Cummings strike another prisoner. Dunn submitted an incident report to his supervisor. Aline Mason stated that on June 12, 1979, she attempted to deliver a written notice of hearing to appellant, but that he refused to accept the notice, refused to sign it, and did not indicate whether he wished to have witnesses appear. On June 15, Mason stated, she served as one of three members of the adjustment committee that found Cummings guilty of assaulting an inmate and placed him on 10 days' administrative segregation effective June 15. She had no knowledge of, nor did she participate in, a conspiracy. In his affidavit, Thomas M. Booker, another member of the adjustment committee on June 15,

1979, stated that Bruce Cummings did not request any witnesses be present on his behalf. Booker stated that he notified Cummings at the hearing that a copy of the findings of fact would be delivered to him, and that if he were dissatisfied he could appeal to the superintendent of the jail. He, too, stated he had no knowledge of, and did not participate in, a conspiracy. David Kovac's affidavit said that he was a member of the adjustment committee and had no knowledge of any conspiracy, nor did he participate in one.

Cummings filed a responsive affidavit. He stated only he did not strike another inmate on June 11 as Lt. Dunn claimed and on the date of the incident he could not stand or walk unassisted. With regard to his hearing, he claims he desired to call witnesses but the witnesses feared retaliation due to the threatening and coercive atmosphere of the hearing.

We find that summary judgment would have been appropriate on the basis of these affidavits and affirm the district court on this issue.[3]

The uncontroverted affidavits of the defendants, taken together, set forth facts indicating that appellant was afforded the proper due process protections required by *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1976).[4] Because the uncontroverted facts in the affidavits show proper procedure, it would have been improper for the district court to make a *de novo* review of the facts leading up to the disciplinary hearing, except in extreme cases. *See also Jackson v. Lemore*, 523 F.2d 838 (8th Cir. 1975); *Willis v. Ciccone*, 506 F.2d 1101 (8th Cir. 1974).

### (2) Conditions of Confinement in Administrative Segregation

■ Cummings alleges that the conditions of confinement in administrative seg-

---

3. In view of our holding that summary judgment would have been appropriate, we state no conclusion as to whether the dismissal under § 1915(d) was correct.

4. The *Wolff* requirements are twenty-four hours advance written notice of the claimed violation, a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action taken; the right to call witnesses and present documentary evidence when to do so would not be unduly hazardous to safety or correctional goals. *Wolff, supra,* 418 U.S. at 558–570, 94 S.Ct. at 2975–2981.

regation amounted to cruel and unusual punishment in violation of the eighth amendment. Specifically, he alleges he was denied access to cleaning, reading and writing materials, radio and TV, fresh air and exercise, and law books.

In support of defendants' motion for summary judgment, Willis Roberts, superintendent of the jail, filed an affidavit with respect to the conditions of confinement in administrative segregation. Roberts stated that the physical accommodations are the same as the other cells in the facility. Prisoners held there, he stated, are allowed writing and cleaning materials, one hour exercise per day outside the cell, access to the law library and legal telephone calls. They are denied personal telephone calls, contact visits, radio, television and recreational reading. He also stated that administrative segregation is for a maximum of 10 days and is preceded by a disciplinary hearing.

In his counter–affidavit for summary judgment Cummings does not controvert the facts set forth in Willis Roberts' affidavit about the conditions. He states no facts at all about the conditions in administrative segregation, appearing to have abandoned this claim. Thus, even assuming Cummings has stated a claim on this issue, no genuine issue of fact remains and summary judgment would be appropriate pursuant to Fed.R.Civ.P. 56(e).

#### (3) *Denial of Medication*

■ Cummings' verified complaint alleges that he was denied "access to any of plaintiff's medication. Plaintiff also states that the defendant will not allow plaintiff to clean hisself." [5]

The affidavit of Willis Roberts, submitted in support of defendants' motion for summary judgment, states that prisoners in administrative segregation are "not denied access to medical personnel or medication." Plaintiff's counter–affidavit repeats his claim that he was "denied adequate medical care while in incarceration in the St. Louis city jail." The district court dismissed this claim. We reverse.

The Roberts' affidavit is no less conclusory than Cummings' complaint and counter–affidavit. Cummings and Roberts contradict each other directly. This is not a claim in which "the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recovery under any discernible circumstances." *Cummings v. Roberts,* 628 F.2d 1065 at 1068 (8th Cir. 1980), quoting *Bellflower v. Pemnise,* 548 F.2d 776, 777 (8th Cir. 1977); *see Williams v. Evangelical Retirement Homes,* 594 F.2d 701, 704 (8th Cir. 1979). Summary judgment would not have been appropriate. We therefore remand to the district court for an evidentiary hearing solely on the issue of denial of medication.

Affirmed in part, reversed in part.

---

**5.** Cummings states a claim under *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), in which the Supreme Court held that

> deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," *Gregg v. Georgia,* [428 U.S. 153, 173, 96 S.Ct. at 2925 (1976)] (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors

> in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Id.* at 104–05, 97 S.Ct. at 291 (footnotes omitted).