**Dennis P. GLICK, Appellant,**

v.

**Willis SARGENT, Warden, and Officer Foote, Employee, Cummins Unit, Arkansas Department of Correction, Appellees.**

**No. 82–1840.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 3, 1983.
Decided Jan. 10, 1983.

Dennis P. Glick, pro se.

Dennis R. Molock, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before ROSS and McMILLIAN, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Dennis Glick is an inmate in the Cummins Unit of the Arkansas Department of Correction. During a shakedown of Glick's cell on February 22, 1982, Corrections Officer Foote found a plexiglass cell key outside the cell window. Since there was a hole in the cell window, Officer Foote deduced that·

the key had been cut from the window glass. Foote also found a piece of iron from Glick's bed outside the window. He charged Glick with prison rule violations and instituted a major disciplinary proceeding against him. Glick's defense at the disciplinary hearing was that he was unaware of the key's existence because it had been put there by another inmate. The disciplinary committee found Glick guilty of the charges and ordered him placed in punitive isolation.

Glick brought suit under 42 U.S.C. § 1983, alleging that Foote and prison warden Sargent violated his constitutional rights. The United States Magistrate reviewed the complaint and recommended dismissal. Glick filed objections and the state filed a response. The district court[1] reviewed the pleadings and dismissed the complaint, finding that Glick had not stated a cause of action against either defendant. Glick appeals from that dismissal.

· █ We note initially that appellant's pro se complaint, construed liberally, is merely an appeal from the disciplinary committee's findings. No cause of action is stated against either defendant Foote or defendant Sargent. The basis of appellant's complaint against Foote is that he initiated the action which resulted in the disciplinary committee's ultimate determination. Officer Foote did not serve on the committee which found appellant guilty. In fact, charging officers are forbidden from sitting in judgment on their own complaints in disciplinary proceedings. *Finney v. Arkansas Board of Corrections*, 505 F.2d 194, 208 (8th Cir.1974).

█ In the same vein, the complaint alleges no wrongdoing on Warden Sargent's part. The warden's responsibility for overseeing the operations of the Cummins Unit is an insufficient basis for liability in a suit brought under 42 U.S.C. § 1983. The doc-

---

* The Honorable Ronald N. Davies, Senior United States District Judge for the District of North Dakota.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

trine of *respondeat superior* is inapplicable to actions brought pursuant to this section. *Cotton v. Hutto,* 577 F.2d 453, 455 (8th Cir.1978); *see Rizzo v. Goode,* 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–604, 46 L.Ed.2d 561 (1976). Appellant does not allege that the warden played any role in the disciplinary process; he cannot be held liable for the outcome of the process.

■ Appellant also challenges the sufficiency of the evidence that gave rise to the disciplinary action. The district court may not provide a *de novo* review of a disciplinary board's factual findings. *Cummings v. Dunn,* 630 F.2d 649 (8th Cir.1980); *Willis v. Ciccone,* 506 F.2d 1011 (8th Cir. 1974). Unless an infringement upon constitutional or fundamental rights is involved, the courts are reluctant to interfere with a prison's internal discipline methods. *Courtney v. Bishop,* 409 F.2d 1185 (8th Cir.), *cert. denied,* 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969). No such infringements are present in this case. Accordingly, the judgment of the district court is affirmed.