34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Demetrius HERNDON, Appellant,
v.
Larry YOUNGMAN; Bill Harris; Del Casby; Fred Johnson;
Ronald G. Haney; John R. Powell; Paul K. Delo;
Don Roper; Rick Jones, Appellees.
 No. 94-1782.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 23, 1994.
Filed: September 8, 1994.
 
 Before MAGILL, LOKEN, and Morris Sheppard ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Demetrius Herndon appeals from the district court's[1] order granting defendant prison officials summary judgment in Herndon's 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Following a prison uprising on August 14, 1992, in Potosi Correctional Center's (PCC) recreation yard, Herndon received conduct violations for fighting and rioting. He filed this action claiming that he was denied due process and equal protection in connection with the disciplinary proceedings, and that his Eighth Amendment rights were violated. Later, after Herndon had spent time in disciplinary segregation, prison officials expunged the conduct violation for fighting. Shortly before the scheduled trial date in this section 1983 action, Herndon moved to amend his complaint a second time. The district court denied the motion, concluding that the trial date was rapidly approaching and that Herndon had long possessed the evidence he needed to support his additional claims.
 
 
 3
 The district court then granted defendants' motion for summary judgment. The court viewed the Eighth Amendment claim as more akin to a due process claim, as Herndon was alleging the conduct violation report for fighting was "false" because the issuing officer, Bill Harris, incited the fight. The court concluded that Herndon's due process claims-that officers issued "false" conduct reports because he did not commit the violations, and that they withheld exonerating evidence-were without merit. The court held that mere issuance of a conduct violation which initiated disciplinary proceedings is not an actionable claim under section 1983. To the extent Herndon's claims related to his assertion of innocence, the court held that the federal court was not the forum for appealing the disciplinary committee's findings. As to whether Herndon's due process rights were protected, the district court concluded that he was not "denied" witnesses because he made no such requests, that an institutional lock-down excused the denial of his first request for counsel substitute, and that the disciplinary for fighting was supported by "some evidence." With regard to the approval of the sanctions Herndon received for rioting and the equal protection claim that other inmates did not receive the same sanctions, the district court concluded that the thirty-day disciplinary segregation was in accordance with prison rules, and that Herndon did not contradict defendants' assertions that his sanction was commensurate with sanctions imposed upon other similarly situated inmates found guilty of rioting.
 
 
 4
 On appeal, Herndon argues that the district court abused its discretion in denying his second motion to amend; failed to address the Eighth Amendment claim; and erred in denying the equal protection claim and in concluding that he was not entitled to damages for the time he spent in disciplinary segregation as a result of the expunged conduct violation.
 
 
 5
 We affirm the district court's grant of summary judgment. Although the district court construed Herndon's Eighth Amendment claim as a due process claim, the judgment can be affirmed under either theory. To prevail on his failure-to-protect claim, Herndon must prove that Harris was deliberately indifferent and actually intended for Herndon to be attacked, or acted with reckless disregard to his right to be free from violent attacks. See Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991). Drawing all inferences in favor of Herndon, summary judgment on this claim was proper because Herndon presented no evidence to support that Harris intentionally or wantonly failed to protect him from harm. As a due process claim, Herndon's contention that Harris issued a "false" conduct violation does not state a claim under section 1983. See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam).
 
 
 6
 For the reasons set forth by the district court, we agree that Herndon was afforded all the due process protections to which he was entitled as a result of the conduct violation for fighting, and that there was "some evidence" to support the disciplinary. See Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985). Absent a showing of a due process violation in the first finding of guilt, Herndon may not seek damages for the punishment he had already received when prison officials later decided to expunge the disciplinary. In addition, summary judgment was proper with respect to Herndon's equal protection claim. Herndon has not shown that his treatment was "invidiously dissimilar from that accorded other inmates," Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam), or that other similarly situated inmates received preferential treatment.
 
 
 7
 Finally, we do not believe the district court abused its discretion in denying the second motion to amend. Undue delay is proper cause for denying such an amendment. See Thompson-El v. Jones, 876 F.2d 66, 67-68 (8th Cir. 1989). We decline to consider Herndon's claims raised for the first time in his reply brief on appeal. See Dyer v. United States, 23 F.3d 1421, 1424 (8th Cir. 1994), petition for cert. filed, U.S.L.W. (U.S. May 31, 1994) (No. 93-9410).
 
 
 8
 Accordingly, we affirm. We deny appellees' motions to strike Herndon's reply brief and to file an addendum that does not comply with the rules of this court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri