# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2524

_____

| | | |
|---|---|---|
| James Edward Phillips, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jasper County Jail; Cabalero; | * | Western District of Missouri. |
| Eby; Garza; Kelly; Forsythe; | * | |
| Riley; Moback; Sanchez; Sewell; | * | |
| Lietz; Lyman; Carr; John Freitas; | * | |
| Marney, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 17, 2005
Filed: February 14, 2006 (Corrected: 2/28/06)

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After James Phillips fell from the top bunk in his cell at the Jasper County, Missouri, jail, he filed a lawsuit under 42 U.S.C. § 1983, accusing various jail employees and the jail's doctor of violating his constitutional rights. The district court denied Mr. Phillips's requests for appointed counsel. Later in the proceeding, the court granted the defendants' motions for summary judgment, determining that Mr. Phillips had failed to present sufficient evidence to create a genuine issue of

material fact as to whether the defendants were deliberately indifferent to a medical condition that caused him to have seizures.

Mr. Phillips contends that the district court erred by denying him appointed counsel, by granting summary judgment to Dr. John Freitas, and by granting summary judgment to the jail employees. Although we find no merit in the first two arguments, we agree with Mr. Phillips that a genuine issue of material fact exists with respect to his claims against the jail employees.

I.

Mr. Phillips has intermittently taken anti-seizure medication following a head injury that he sustained some time ago. When he was first booked into the Jasper County Jail four years ago, he was prescribed 1000 milligrams per day of the drug Tegretol to control his seizures. That dosage remained the same when Mr. Phillips was moved to the Missouri State Penitentiary. Before the state prison discharged him, however, Mr. Phillips stopped taking the medication. Several days after his release from the state penitentiary, Mr. Phillips was again booked into the Jasper County Jail. Dr. Freitas, who was under contract to provide medical services to the inmates at the jail, reviewed Mr. Phillips's case and prescribed twice-daily 250-milligram doses of Depakote, another anti-seizure medication. Mr. Phillips also requested that he be assigned to a bottom bunk because of his seizures.

A few months after being re-admitted to the jail, Mr. Phillips was sleeping on the top bunk in his cell. During the night, he fell from the bunk and suffered injuries to his head, neck, and spine. Mr. Phillips then filed this lawsuit, alleging that the doctor and the named jail employees were deliberately indifferent to his medical condition, in violation of the eighth and fourteenth amendments.

As the case progressed, Mr. Phillips filed a motion requesting that the district court appoint an attorney to represent him. The district court denied the motion

without prejudice, because the record had not been developed sufficiently to determine whether appointment of counsel was justified. Five days later, Mr. Phillips filed a second motion for counsel, which the district court denied for the same reason. Mr. Phillips's court filings continued to contain statements in which he questioned his ability to litigate the matter himself, although he did not make any other specific motions for counsel to be appointed. Dr. Freitas and the employees then moved for summary judgment asserting that Mr. Phillips's claims failed as a matter of law.

The district court granted the summary judgment motions. With respect to Dr. Freitas, the court determined that Mr. Phillips's allegations, at most, made out a claim for malpractice, not a constitutional claim, which requires a showing of deliberate indifference. As for the jail employees, the district court determined that the record established that they did not ignore Mr. Phillips's medical condition and that they had, in fact, assigned him to a bottom bunk at the time that he fell and injured himself.

## II.

We first address Mr. Phillips's contention that the district court erred when it denied his motions for appointed counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "*may*" appoint counsel. *See* 28 U.S.C. § 1915(e) (emphasis added); *Edgington*, 52 F.3d at 780. We will reverse a court's denial of appointed counsel only if it constitutes an abuse of discretion. *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993).

The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent

person to present the claims, and the complexity of the legal arguments. *Edgington*, 52 F.3d at 780. The district court denied Mr. Phillips's motions because it believed that the record was insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel.

Upon review of the record, we find no error in the court's denial of Mr. Phillips's motions. Discovery had just begun at the time that he requested counsel, so there was no conflicting testimony. Nor was there any indication in the record that Mr. Phillips was unable to investigate or present his case. To the contrary, he correctly identified the applicable legal standard governing his claims and successfully amended his complaint to include essential information. Finally, Mr. Phillips's claims involved information that was readily available to him. The success of his claims depended upon the information that Mr. Phillips gave Dr. Freitas and the prison staff about his condition, the consistency with which the prison made Mr. Phillips's anti-seizure medication available to him, Mr. Phillips's bunk assignment, and the events that transpired the night that Mr. Phillips fell from his bunk.

Mr. Phillips contends that even if the court properly denied his motions when they were filed, the court should have appointed counsel later in the case, when Mr. Phillips's difficulties in obtaining discovery from the defendants became clear. Mr. Phillips draws our attention to our statement in *Williams*, 10 F.3d at 567, that "[w]hen a court has denied a motion for appointment of counsel, it should continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." In *Williams*, the district court prevented an indigent plaintiff from calling witnesses with relevant information at trial because the plaintiff's witness list was not filed in compliance with the court's pre-trial procedures. Id. at 566-67. Under those circumstances, we determined that the case should be remanded for further

consideration by the district court as to whether counsel should have been appointed. *Id.* at 567.

This case, however, does not involve the application of strict procedural requirements that prejudiced Mr. Phillips's case. The record reveals that the court was patient with Mr. Phillips and gave him considerable leeway in accepting and interpreting his pleadings. We note that Mr. Phillips was able to avoid procedural default and that his complaint was sufficient to survive the first motion for summary judgment filed by the prison employees. And although Mr. Phillips routinely complained about his access to legal materials and paper, he was able to file more than thirty documents with the court, which strongly suggests that he was able to overcome any obstacles that he may have encountered. Because Mr. Phillips had a fair opportunity to present his claims and did so, we find no abuse of discretion in the court's failure to appoint counsel.

III.

Mr. Phillips also contends that the district court erred when it granted Dr. Freitas's motion for summary judgment. He contends that Dr. Freitas violated his constitutional rights by failing to prescribe the proper medication and failing to monitor his prescription prior to his seizure. The failure to provide proper medical treatment to a prisoner violates the eighth amendment when the medical provider is deliberately indifferent to the prisoner's serious medical needs. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Deliberate indifference requires a showing that the medical provider knew of and disregarded a serious medical need. *Id.* A medical need is serious when it has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Applying these legal principles to Mr. Phillips's complaint against Dr. Freitas, we have little trouble affirming the district court's judgment. At most, and as he

conceded at his deposition, Mr. Phillip's complaint makes out a case for malpractice. Even viewing the record most favorably for Mr. Phillips, we cannot find any evidence that Dr. Freitas knew that prescribing Depakote instead of Tegretol would present a danger to Mr. Phillips. Nor does the record suggest that Dr. Freitas knew that he was prescribing less Depakote than was required. The fact that Mr. Phillips disagreed with Dr. Freitas as to the proper anti-seizure drug and the need for a blood test does not establish deliberate indifference. "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995).

Mr. Phillips also contends that Dr. Freitas was deliberately indifferent for failing to administer his prescribed medication. Mr. Phillips, however, has not produced any evidence that Dr. Freitas was responsible for administering Mr. Phillips's daily dose of medication. *Cf. Johnson v. Hay*, 931 F.2d 456, 458-61 (8th Cir. 1991); *Gil v. Reed*, 381 F.3d 649, 661-64 (7th Cir. 2004). Indeed, Mr. Phillips's allegations in his pleadings and statements at his deposition establish that it was the jail employees, not Dr. Freitas, who were responsible for administering his medication. We therefore affirm the district court's entry of summary judgment in favor of Dr. Freitas.

## IV.

Finally, Mr. Phillips contends that a genuine issue of material fact exists regarding his claims against the jail employees. Mr. Phillips alleged that the jail employees violated the eighth amendment by failing to administer his anti-seizure medication properly and by assigning him to a top bunk despite his known seizure disorder. We review the record to determine whether Mr. Phillips raised a genuine issue of fact regarding the jail employees' deliberate indifference to his condition. *See Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

The district court's discussion of Mr. Phillips's claims against the jail employees does not address his allegations regarding the inconsistent administration of medication; the court merely notes that jail employees ensured that Mr. Phillips saw Dr. Freitas and was prescribed anti-seizure medication. Though this is true, the knowing failure to administer prescribed medicine can itself constitute deliberate indifference. *See Johnson*, 931 F.2d at 461. Mr. Phillips testified at his deposition that both before and after his seizure he was not given the prescribed amount of anti-seizure medication. He also testified that he filed grievances regarding this failure, but to no effect. We find Mr. Phillips's statements are sufficient to create a genuine issue of material fact on the question of whether the jail employees were deliberately indifferent. *See Cummings v. Dunn*, 630 F.2d 649, 651 (8th Cir. 1980) (per curiam).

The jail employees contend that Mr. Phillips nonetheless cannot prevail because he failed to produce any evidence that he actually had a seizure. But the record, when viewed in a light most favorable to Mr. Phillips, supports a reasonable inference that he did. He testified at his deposition that he suffered a number of seizures after his injury in the late 1990s. He testified that although he had no recollection of falling from his bunk, a lack of memory was consistent with his past seizures. He also testified that his tongue was bleeding after his fall, which resulted from biting his tongue during a seizure. Following the incident, Dr. Freitas increased the dosage of the anti-seizure medication that he had given to Mr. Phillips. This evidence is sufficient to create a genuine issue of fact on the question of whether Mr. Phillips suffered a seizure.

The district court also concluded that Mr. Phillips had not presented sufficient evidence to raise a genuine issue of material fact regarding his bunk assignment. We disagree again. Mr. Phillips testified that he was assigned a top bunk despite his repeated requests to several different jail employees that he be placed in a lower bunk. There is no question that Mr. Phillips was, in fact, in the top bunk on the night that he fell. The jail employees supported their motion with an affidavit from a corrections

officer stating that the jail's record indicated that Mr. Phillips was assigned to a bottom bunk when he was booked into the jail. This evidence appears, on its face, to be inadmissible pursuant to Fed. R. Evid. 1002, which requires the production of an original writing to prove that writing's contents. Affidavits that contain evidence not admissible at trial should not be relied upon in a summary judgment motion. *Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005); *see also* Fed. R. Civ. P. 56(e). But even if we assume that the statement in the affidavit would be admissible at trial, it is contradicted by Mr. Phillips's repeated statements in his deposition that he was, in fact, assigned to a top bunk against his wishes. This is enough to create a genuine issue of material fact. *See Cummings*, 630 F.2d at 651.

## V.

We affirm the entry of summary judgment entered in favor of Dr. Freitas. Because a genuine issue of material fact exists as to whether the jail employees were deliberately indifferent by failing properly to administer Mr. Phillips's prescriptions and by assigning him to a top bunk, we reverse the district court's entry of summary judgment in favor of the jail employees, and we remand the case to the district court for further proceedings consistent with this opinion.

_____