# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-2773/3163

_____

Otha Smith,                                    *
                                               *
                    Appellant,                 *
                                               *    Appeals from the United States
            v.                                 *    District Court for the
                                               *    District of Nebraska.
Harold Clarke; Patrick Colerick,               *
                                               *
                    Appellees.                 *

_____

Submitted: March 17, 2006
Filed: August 7, 2006

_____

Before ARNOLD and SMITH, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

ARNOLD, Circuit Judge.

Inmate Otha Smith sued Dr. Patrick Colerick and Harold Clarke, the director of the Nebraska Department of Correctional Services, for violation of his civil rights and for negligence. The district court granted the defendants' motion for summary judgment. We affirm in part and reverse in part.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

I.

After Mr. Smith accidentally splashed cleaning fluid in his left eye while he was working in the kitchen of a Nebraska prison in March, 1999, he complained of pain and asked to see a doctor. The record reflects that an eye examination was scheduled for him in June of that year, but he was not examined at that time. In November, Dr. Colerick conducted an examination and determined that the response of Mr. Smith's pupils to light was normal; the doctor told Mr. Smith that his vision trouble was caused by a cataract. Six months later, Mr. Smith complained about redness in the eye, and Dr. Colerick examined him again. Dr. Colerick attributed the redness to Mr. Smith's age and exposure to the sun.

In May, 2001, Dr. Colerick examined Mr. Smith's eye for a third time. At this examination, the doctor observed that Mr. Smith's pupils were not reacting normally, and he referred him to an opthamologist. The opthamologist determined that a tumor on Mr. Smith's pituitary gland was pinching his optic nerve. Although Mr. Smith had the tumor surgically removed, he was left without the use of his left eye.

Mr. Smith filed this action, claiming, under 42 U.S.C. § 1983, that Mr. Clarke and Dr. Colerick violated his constitutional rights by failing to treat the tumor in a timely manner. He also claimed that the defendants were negligent under Nebraska law. The district court granted summary judgment to the defendants. Regarding the § 1983 claims, the court determined that Mr. Smith failed to produce any evidence indicating that Dr. Colerick knew of the tumor before May, 2001, and that there was no evidence that Mr. Clarke was involved in the medical treatment of inmates. The district court also determined that Mr. Clarke and Dr. Colerick were both state employees and thus Mr. Smith's negligence claims were barred because he had failed to file an administrative claim against them before proceeding in court. *See* Neb. Rev. Stat. § 81-8,213.

After Mr. Smith filed a notice of appeal, he moved to reopen the district court's judgment under Fed. R. Civ. P. 60(b). In that motion, Mr. Smith offered evidence that he had indeed filed an administrative claim before filing his lawsuit and maintained that he therefore should be allowed to proceed on his negligence claims. The district court denied the motion on the ground that Mr. Smith had the burden of presenting this evidence prior to judgment in response to the defendants' summary judgment motion.

## II.

We consider first whether the defendants were entitled to summary judgment on Mr. Smith's civil rights claims. We review *de novo* the district court's order granting summary judgment. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Mr. Smith maintained that the failure to detect the tumor on his eye, despite his repeated complaints, amounted to "deliberate indifference to serious medical needs," in violation of the eighth and fourteenth amendments. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). To succeed on a deliberate-indifference claim, an inmate must show that the defendant "knew of and disregarded a serious medical need." *Phillips v. Jasper County Jail*, 437 F.3d 791, 795 (8th Cir. 2006). The defendants concede that the pituitary tumor was a serious medical need. We focus, then, on whether Mr. Smith presented any evidence that the defendants knew of and disregarded the tumor. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). We review the evidence in the light most favorable to Mr. Smith, the nonmoving party. *Parsons v. Pioneer Seed Hi-Bred Int'l, Inc.*, 447 F.3d 1102, 1104 (8th Cir. 2006).

Although Mr. Clarke is the chief administrator of Nebraska's prison system, we have repeatedly held that a supervisor cannot be held liable for an eighth amendment violation if he or she is neither aware of the conduct nor "personally involved in the violation." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). There is no evidence that Mr. Clarke was

personally aware of Mr. Smith's health problems or his medical treatment. The only evidence that Mr. Smith presented in support of his eighth-amendment claim against Mr. Clarke were copies of grievances and other communications that he filed with the prison staff and responses from prison employees. Mr. Smith contends that because one of the forms that he completed was answered by a "subordinate" of Mr. Clarke, a factfinder could conclude that Mr. Clarke knew of Mr. Smith's condition. We think that inference is impermissible, particularly given the absence of evidence that Mr. Clarke was aware of the correspondence or that he regularly reviewed such communications. *Cf. Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002); *Vance v. Peters*, 97 F.3d 987, 994 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997).

As for Dr. Colerick, the evidence reveals that he examined Mr. Smith on three different occasions, each time performing tests on Mr. Smith's eyes. Dr. Colerick stated in an affidavit that until the third examination there was no reason to believe that Mr. Smith's eye problems could stem from a tumor. Dr. Colerick also presented the affidavit of the doctor who removed Mr. Smith's tumor; that doctor said that Mr. Smith received appropriate diagnostic care and treatment and that the tumor in question was difficult to detect in an ordinary examination. Mr. Smith did not present any other evidence that suggested Dr. Colerick inferred the existence of the tumor prior to May, 2001, or that he delayed Mr. Smith's treatment after that examination. Malpractice alone is not actionable under the eighth amendment. *Estelle*, 97 U.S. at 106. Without evidence that Dr. Colerick was aware of facts from which the inference of the tumor's existence could be drawn and that he drew that inference, *see Farmer*, 511 U.S. at 837, the district court correctly granted Dr. Colerick summary judgement on Mr. Smith's constitutional claim. *Cf. Johnson v. Quinones*, 145 F.3d 164, 168-70 (4th Cir. 1998).

## III.

In the second and third counts of his amended complaint, Mr. Smith laid negligence claims against Mr. Clarke and Dr. Colerick based on Nebraska law. The

district court, exercising its supplemental jurisdiction over these claims, *see* 28 U.S.C. § 1367, granted the defendants' summary judgment motion. The court concluded that Mr. Smith failed to show that he had exhausted the administrative remedies for claims against state employees as required by the Nebraska State Tort Claims Act (NSTCA). Because we find significant differences between Mr. Clarke's and Dr. Colerick's status under the NSTCA, we address the claims against them separately.

A.

As director of the Nebraska Department of Correctional Services, Mr. Clarke clearly qualifies as an "employee of the state" under the NSTCA. *See* Neb. Rev. Stat. § 81-8,210(3). The NSTCA requires those with tort claims against state employees to file a claim with the State Tort Claims Board before filing an action in court. *See* Neb. Rev. Stat. § 81-8,213. Mr. Smith's allegations of negligence qualify as "tort claims" under the Act. *See* Neb. Rev. Stat. § 81-8,210(4).

In their summary judgment motion, the defendants contended that Mr. Smith had not filed a complaint with the state Tort Claims Board before bringing his federal action, and Mr. Smith concedes that he presented no evidence of his administrative filing in response to the defendants' motion. After the district court granted summary judgment, however, Mr. Smith apparently recalled that he had, in fact, filed a complaint with the Board prior to initiating the court case, and so he filed a Rule 60(b) motion asking the district court to set aside its judgment. While conceding that he was partly responsible for failing to bring the administrative claim to the court's attention, Mr. Smith argued that the state should have been aware of the filing and that its employees should not be allowed to prevail on the strength of an incorrect assertion made in their summary judgment motion. The district court declined to set aside its judgment. We review that decision for an abuse of discretion. *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006).

Given Mr. Smith's failure to bring his administrative filing to the attention of the district court, we cannot say that the court abused its discretion in declining to set aside the judgment. A party's failure to produce evidence that was available to it at the time that the matter was before the court is not the kind of mistake or neglect that will support granting the extraordinary relief provided by Rule 60(b). *See Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 29-30 (1st Cir. 1980); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001); *Jarrett v. US Sprint Commun. Co.*, 22 F.3d 256, 262 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 951 (1994). Nor does the record yield any deliberate fraud by the state attorney general's office when it incorrectly asserted that Mr. Smith had not filed a complaint as required by the NSTCA. Without clear and convincing evidence that the misrepresentation was knowing and intentional, *see E.F. Hutton & Co. v. Berns*, 757 F.2d 215, 216-17 (8th Cir. 1985), the district court had no obligation to grant the motion.

B.

The district court concluded that Dr. Colerick also qualified as a state employee under the NSTCA. Mr. Smith contends that Dr. Colerick is an independent contractor, not a state employee, and therefore the negligence action against him is not subject to the requirements of the NSTCA. We agree.

The district court determined that the Nebraska legislature intended to include Dr. Colerick in the NSTCA's definition of employee, based on the language of Neb. Rev. Stat. § 81-8,239.08: "Any person who, at the request of the director of a state agency, provides medical ... services" to a state prisoner "may be represented by the Attorney General in the same manner as a state officer or employee ... in any civil action under ... 42 U.S.C. § 1983, which arose as a result of providing such services." The provision also authorizes the indemnification of such providers "for liability for violations of civil rights in the same manner as a state officer or employee." Neb. Rev. Stat. § 81-8,239.08. The district court read this statute to bring providers of

prison medical services, such as Dr. Colerick, within the full spectrum of protection provided by the NSTCA.

We think that the scope of § 81-8,239.08 is much narrower. By its terms, the statute does not say that medical services providers are "employees" for purposes of the NSTCA. In fact, it intimates quite plainly that they are not state employees. The statute merely authorizes the Nebraska Attorney General to represent medical providers who are sued under the federal civil rights laws and provides state indemnification if the providers are found liable for violating those laws. The right to state representation and indemnification in § 1983 actions is not equivalent to the wider procedural and substantive protections that state employees receive under the NSTCA. If the Nebraska legislature intended to extend the full scope of NSTCA's protection to medical services providers like Dr. Colerick, it could have done so very easily by including them in the definition of "employee of the state" contained in § 81-8,210(3). Instead, § 81-8,239.08 affords medical services contractors only a few of the NSTCA's protections and then only in cases arising under § 1983.

Legislative history supports our construction of the statute. The Nebraska attorney general's office has reviewed § 81-8,239.08 and noted that the "[l]egislative staff who presented the bill to the Committee on the Judiciary informed the committee that the bill was narrowly tailored to address only the civil rights act and *not medical malpractice*." Neb. Op. Att'y Gen. 04016, 2004 WL 858921, at *1 (April 14, 2004) (emphasis added) (citing Neb. Comm. on Judiciary, L.B. 560, Feb. 28, 1991, p. 26). The legislative history indicates that § 81-8,239.08 was enacted to address the specific fear that the state would be unable to find any medical services practitioners willing to care for its prisoners unless it protected those practitioners from federal civil rights actions that might arise. Att'y Gen. Op. at *1 (citing Neb. Comm. on Judiciary, L.B. 560, Feb. 28, 1991, p.27). This explains why the benefits that § 81-8239.08 bestows

upon medical services providers are limited to actions arising under § 1983, and do not cover ordinary negligence claims like the one that Mr. Smith made against Dr. Colerick.

In the district court, Dr. Colerick relied entirely on § 81-8,239.08 to demonstrate that he should be considered an "employee" for purposes of the NSTCA. Because we hold that this section does not provide contracted medical service providers the full scope of protection offered by the NSTCA, summary judgment was proper only if Dr. Colerick qualifies as an "employee of the state" pursuant to § 81-8,210(3). Nebraska courts look at the totality of the circumstances to decide whether one is an employee or an independent contractor. *See Reeder v. State*, 11 Neb. App. 215, 221-22, 649 N.W.2d 504, 511-12 (2002). The record before the district court established that Dr. Colerick was not a regular, full-time state employee, but was instead hired on a contract basis. The pleadings indicate that he kept a separate place of business. Dr. Colerick had considerable freedom to schedule appointments, prescribe any necessary medicine, and diagnose and treat the inmates whom he saw. We believe that for purposes of the NSTCA, Dr. Colerick was not "an employee of the state" at the relevant time as a matter of law, and therefore the NSTCA is inapplicable to Mr. Smith's negligence action against him. We thus find it necessary to reverse the order of summary judgment with respect to this claim. We note that Dr. Colerick moved for summary judgment on grounds other than the one on which the district court granted judgment, and that the district court may on remand consider those grounds. We note, too, that the district court may reconsider whether it should continue to assert supplemental jurisdiction over Mr. Smith's state-law action against Dr. Colerick. *See* 28 U.S.C. § 1367(c).

## IV.

For the reasons stated, we affirm the judgment with respect to Mr. Smith's claims against Mr. Clarke, and with respect to his federal claim against Dr. Colerick. We reverse the summary judgment entered in favor of Dr. Colerick on Mr. Smith's state-law claims, and we remand for further proceedings consistent with this opinion.

_____