# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4056

_____

| | | |
|---|---|---|
| W. L. Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Correctional Medical Services; Ashraf | * | Appeal from the United States |
| Diab, M.D., Correctional Medical | * | District Court for the |
| Services; Scott Boone, M.D., | * | Eastern District of Arkansas. |
| Correctional Medical Services | * | |
| (originally sued as Boone); Holli | * | |
| Banks-Giles, Correctional Medical | * | [UNPUBLISHED] |
| Services (originally sued as Holly Giles | * | |
| Banks); Gail Stephens, Correctional | * | |
| Medical Services (originally sued as | * | |
| Gail Stephenson); Millicent E. | * | |
| Young, M.D., Correctional Medical | * | |
| Services (originally sued as Milicent | * | |
| Young), | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 27, 2006
Filed:  December 5, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

W. L. Smith, an Arkansas prisoner, appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action following a pre-jury evidentiary hearing.  We affirm.

We conclude the denial of Smith's motions for appointment of counsel was not an abuse of discretion:  the record (including the audio recording of the evidentiary hearing) reveals that Smith adequately presented the facts and theories of liability for his standard Eighth Amendment claim, and he received assistance from the magistrate judge at the hearing.  *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; relevant criteria for appointing counsel in civil case).  Nor was the denial of Smith's motion to compel production of his medical records an abuse of discretion, given that prison policy allowed Smith some access to his medical records, and that relevant portions of the records were read aloud at the hearing.  *See Toghiyany v. AmeriGas Propane, Inc.*, 309 F.3d 1088, 1093 (8th Cir. 2002) (standard of review).

Upon de novo review of the merits, *see Randle v. Parker*, 48 F.3d 301, 303 (8th Cir. 1995) (standard of review), we agree with the district court that Smith failed to make a jury-submissible case that defendants were deliberately indifferent to the problems he suffered in his left ear.  *See Phillips*, 437 F.3d at 795 (deliberate-indifference standard).  Based on the medical expert's testimony, when Smith presented with intermittent ear drainage, defendants provided typical care:  topical drops to treat an apparent external ear infection.  *See Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent because they treated prisoner on numerous occasions and offered sensible medication and treatment); *cf. Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001) (medical treatment may so deviate from applicable standard of care as to evidence physician's deliberate indifference).  Further, the expert testified that Smith's actual ear problem--

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

cholesteatoma--is a condition easily overlooked by primary care physicians, and that his patients often presented with a lengthy history of ear drainage. *See Smith v. Clarke*, 458 F.3d 720, 723-24 (8th Cir. 2006) (prison doctor's failure to detect tumor in inmate's eye was not deliberate indifference where specialist attested that inmate had received appropriate diagnostic care and treatment and that tumor was difficult to detect in ordinary examination).

Accordingly, we affirm the judgment of the district court. We deny Smith's request for preparation of a transcript at government expense.

_____