# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1873

_____

| | | |
|---|---|---|
| Donald J. Dockery, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Bob Houston; Patricia Ryan; Unknown | * | [UNPUBLISHED] |
| Bennett, Officer; Juanita Brown, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 19, 2007
Filed: May 3, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Pretrial detainee Donald J. Dockery appeals the district court's[1] orders dismissing one defendant under Federal Rule of Civil Procedure 12(b)(6), and granting summary judgment to the remaining defendants, in his 42 U.S.C. § 1983 action. Having carefully reviewed the record, see Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (summary judgment standard of review); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam) (Rule 12(b)(6) standard of review),

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

we affirm. Assuming that Dockery intended to bring both official-capacity and individual-capacity claims, we conclude that the jail policy at issue in this case was not unconstitutional because it required correctional officers to notify the medical department of any request by an inmate for emergency medical care; and we find no support in the record for any unconstitutional custom. See Grayson v. Ross, 454 F.3d 802, 810-11 (8th Cir. 2006) (official-capacity liability under § 1983). We also find no basis for individual liability: Dockery cannot sue for allegedly false statements in a grievance response, see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison grievance procedure does not confer substantive rights actionable under § 1983), and there is no evidence suggesting that any named defendant was personally involved in knowingly disregarding Dockery's serious medical needs, see Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006) (no respondeat superior liability under § 1983); Vaughn v. Greene County, 438 F.3d 845, 850 (8th Cir. 2006) (to show defendants were deliberately indifferent to pretrial detainee's serious medical needs, it must be shown that they disregarded known risk to his health).

To the extent that Dockery sought to assert a constitutional claim based on his post-hospitalization lockdown, we find that the lockdown did not constitute deliberate indifference, see id., or violate his due process rights, cf. Wilkinson v. Austin, 545 U.S. 209, 222-23 (2005) (noting that there is no protected liberty interest against 30-day assignment to segregation). Finally, we find no abuse of discretion in the denial of appointed counsel. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; relevant criteria).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____