# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2695

_____

William G. Carter,                                    *
                                                      *
        Appellant,                                    *
                                                      *
Timothy Nelson,                                       *
                                                      *
        Plaintiff,                                    *
                                                      *
Michael Goddard; Richard J. Giese;                    *
James L. Ellis,                                       *
                                                      *
        Appellants,                                   *   Appeal from the United States
                                                      *   District Court for the
Carl. E. McDonald, Jr.,                               *   Eastern District of Missouri.
                                                      *
        Plaintiff,                                    *         [UNPUBLISHED]
                                                      *
        v.                                            *
                                                      *
Keith Schafer; Felix Vincenz; Karen                   *
Adams; Alan Blake; Rebecca Semar;                     *
Jay Englehart; Linda Meade; Dr.                       *
John Rosenboom,                                       *
                                                      *
        Appellees.                                    *

_____

Submitted: March 28, 2008
Filed: April 17, 2008

_____

Before BENTON, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

William G. Carter, Michael Goddard, Richard J. Giese, and James L. Ellis (plaintiffs),[1] civilly committed residents of the Missouri Sexual Offender Treatment Center (MSOTC), appeal the district court's preservice dismissal of their 42 U.S.C. § 1983 action. They also seek leave to proceed in forma pauperis (IFP) on appeal. We grant IFP status, affirm in part, and reverse in part.

We conclude that dismissal of the action as to Mr. Carter was proper. First, contrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service. See 28 U.S.C. § 1915; see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (§ 1915(e)(2)(B) is not limited to prisoners and is applicable to civilly detained persons). Further, we agree with the district court that the history and circumstances surrounding the complaint support dismissal of Mr. Carter's claims for maliciousness: it appears that Mr. Carter has filed at least thirty separate complaints since 2003, and a number of these cases raise issues that are the same as or are substantially similar to those in the instant case, against the same defendants. See Cochran v. Morris, 73 F.3d 1310, 1316-17 (4th Cir. 1996) (en banc) (upholding § 1915 dismissal when plaintiff attempted to relitigate claim; plaintiff's past litigious conduct informs court's discretion under § 1915); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (upholding maliciousness dismissal because action constituted repetitive litigation); see also Green v. Jenkins, 80 F.R.D. 686, 687-88 (W.D. Mo. 1978) (dismissing civil rights case as "malicious" when initiated in bad faith for purposes of harassment; plaintiff had longstanding

_____

[1]Co-plaintiffs Timothy Nelson and Carl E. McDonald, Jr., did not sign the notice of appeal or the renewed IFP application, and are not parties to this appeal.

pattern of abusive and repetitive lawsuits, and, in instant case, set forth numerous claims previously presented in prior actions).

We also reject plaintiffs' argument that the district court abused its discretion in failing to appoint counsel for plaintiffs. <u>See</u> <u>Phillips v. Jasper County Jail</u>, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review and factors to consider).

After determining that Mr. Carter's claims were malicious, the district court concluded that the remaining plaintiffs were "not properly joined" and that dismissal was appropriate as to these remaining plaintiffs "pursuant to Fed. R. Civ. P. 21." We find no authority for dismissal on this basis. <u>See</u> Fed. R. Civ. P. 20(a) (plaintiffs may join an action if they (1) assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action"); Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").

Accordingly, we affirm the dismissal as to Mr. Carter, reverse the dismissal as to Mr. Goddard, Mr. Giese, and Mr. Ellis, and remand to the district court for further proceedings. On remand, the district court may require the remaining plaintiffs to file an amended complaint, not drafted by Mr. Carter, which sets forth only those claims that relate to these three plaintiffs.

_____