# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1690

_____

Donald Felix Winnett,                          *
                                               *
                   Appellant,                  *
                                               *
         v.                                    *
                                               *
Saline County Jail; Hugh Gentry, Lt.,          *
Saline County Jail, originally sued as         *   Appeal from the United States
Huge Gentry; Dru Reed, Sgt., Saline            *   District Court for the
County Jail, originally sued only as           *   Eastern District of Arkansas.
Reed; Ray Pennington, Sgt., Saline             *
County Jail, originally sued only as           *   [UNPUBLISHED]
Pennington; Chad Westbrook, Jailer,            *
Saline County Jail, originally sued only       *
as Westbrook; Brandon Ford, Jailer,            *
Saline County Jail originally sued only        *
as Ford; Dan Sutterfield, Detective,           *
Arresting Officer; John Doe, Arresting         *
Officer,                                       *
                                               *
                   Appellees.                  *

_____

Submitted: March 6, 2009
Filed: March 6, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, Arkansas inmate Donald Winnett contests the district court's[1] denial without prejudice of his motion for appointment of counsel in his 42 U.S.C. § 1983 lawsuit.

We find no abuse of discretion. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; there is no statutory or constitutional right to appointed counsel in civil case). The district court's order reflects consideration of appropriate factors such as the factual complexity of the issues, Winnett's ability to investigate the facts and present his claims, and the complexity of the legal arguments. See Nelson v. Shuffman, 476 F.3d 635, 636 (8th Cir. 2007) (per curiam); Phillips, 437 F.3d at 794. Moreover, the denial was without prejudice, so the court may revisit the decision at a later time if appropriate. We reject Winnett's suggestion of judicial bias. See United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008).

Accordingly, we affirm. We also deny Winnett's motion on appeal for appointment of counsel.

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).