# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2463

———————

Erik Becerra,

          Appellant,

v.

John Doe, Woodbury Supervisor of
Police Officers; Police Officer John
Doe, Woodbury; Police Officer John
Doe, Woodbury; S. Schnieder, MN
State Trooper; Fran Schmitz; Nicholas
Krueger, St. Croix Wis. Police Officer,

          Appellees.

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

———————

Submitted: March 5, 2010
Filed: March 25, 2010

———————

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

In this 42 U.S.C. § 1983 action involving allegations that law enforcement officers used excessive force in arresting him, Erik Becerra appeals the district court's[1] adverse grant of summary judgment. Following careful de novo review, <u>see</u>

———————————————

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1152 (8th Cir. 2007), we conclude that Becerra did not establish a genuine issue of material fact regarding the objective reasonableness of defendants' use of force, see Nance v. Sammis, 586 F.3d 604, 609-10 (8th Cir. 2009) (claim that officers used excessive force during arrest properly analyzed under Fourth Amendment; objective reasonableness of officers' use of force is evaluated by looking at totality of circumstances confronting officers, including severity of crime at issue, whether suspect poses immediate threat to safety of officers or others, and whether he is actively resisting arrest or attempting to evade by flight); Wertish v. Krueger, 433 F.3d 1062, 1066-67 (8th Cir. 2006) (given driver's erratic and dangerous driving for many miles on public highway, ignoring flashing lights and wailing siren, officer could reasonably have suspected driver was fleeing under influence of drugs or alcohol and therefore posed serious threat to public safety; minor bruises and scrapes and aggravation of previous condition were de minimis injuries that supported conclusion that officer did not use excessive force); cf. Wilkins v. Gaddy, 2010 WL 596513, *1 (U.S. Feb. 22, 2010) (No. 08-10914) (per curiam) (in prisoner's § 1983 action, reaffirming holding that nature of force, and not extent of injury, is what ultimately counts in excessive force case).  In addition, the court cited the appropriate criteria and did not abuse its discretion in denying Becerra's motion for appointed counsel.  See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; relevant criteria).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____