# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2829

_____

Todd Curtis Myers,                   *
                                     *
         Appellant,                  *   Appeal from the United States
                                     *   District Court for the
    v.                               *   District of Minnesota.
                                     *
Anoka County Sheriff, et al.,        *          [UNPUBLISHED]
                                     *
         Appellees.                  *

_____

Submitted: December 29, 2010
Filed: February 17, 2011

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

   Minnesota inmate Todd Myers appeals the district court's[1] grant of summary judgment dismissing his 42 U.S.C. § 1983 claims against the Anoka County Sheriff, Detention Deputy Andrew Schroeder, and unnamed Nursing Staff and "Dr. on Call" defendants for causing the delayed medical treatment of a broken jaw Myers suffered during an assault by another inmate at the Anoka County Jail.

_____

   [1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

After careful *de novo* review of the record, we conclude that the district court (i) did not abuse its discretion by dismissing Myers's claims against the unnamed medical staff defendants because he failed to identify and serve those defendants for more than a year after filing this action, see Fed. R. Civ. P. 4(m); (ii) properly granted summary judgment in favor of Deputy Schroeder because, even crediting Myers's disputed testimony that he told Schroeder immediately after the assault that he needed to see a doctor or nurse because his jaw and face hurt, Myers admitted that he complained of pain in his jaw to a nurse "at the next Med line" and received some medical attention, so any failure by Schroeder to seek medical attention for Myers was not the cause of any delay in providing the necessary treatment; and (iii) properly dismissed the official capacity claims because Myers failed to identify any Anoka County policy that violated his constitutional rights. Nor did the district court abuse its discretion in denying Myers's request for the appointment of counsel. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006).

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____