# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1653

_____

Billie Joe Chapman

*Plaintiff - Appellant*

v.

Dan Craig, Oakdale Prison Warden; Doctor Gary Keller, Oakdale Prison Dr.; John Baldwin, Director; Mark Lund, Warden, Clarinda Prison; Dr. Keller, Doctor, Clarinda Prison

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: October 7, 2014
Filed: October 10, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Billie Joe Chapman appeals from the order of the District Court[1] granting summary judgment to the defendants in his 42 U.S.C. § 1983 action in which Chapman challenged the defendants' involuntary administration of medication to him. After de novo review, we affirm. See Green v. Dormire, 691 F.3d 917, 921 (8th Cir. 2012) (standard of review). The record shows that the state-court proceeding, which occurred before Chapman was involuntarily treated with antipsychotic medication, satisfied the requirements of due process. See Washington v. Harper, 494 U.S. 210, 227, 235–36 (1990) (holding that the Due Process Clause allows an inmate to be involuntarily treated with antipsychotic medication if he "is dangerous to himself or others and the treatment is in the inmate's medical interest" and explaining the procedural protections required). Further, the District Court did not abuse its discretion in denying Chapman's motion for counsel; notably, Chapman was represented by counsel in his state-court proceeding. See Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006) (noting the standard of review and discussing the "relevant criteria for determining whether counsel should be appointed").

Accordingly, we affirm.

_____

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.