# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1103

_____

Rodney A. Ballard,                          *
                                            *
              Appellant,                    *
                                            *   Appeal from the United States
        v.                                  *   District Court for the
                                            *   District of Nebraska.
David Heineman, Governor,                   *
Individually; Jon Bruning, Attorney         *
General, Individually; Trooper No.          *
371,                                        *
                                            *
              Appellees.                    *

_____

Submitted: September 24, 2008
Filed: December 1, 2008

_____

Before WOLLMAN, SMITH and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Rodney A. Ballard brought this 42 U.S.C. § 1983 action against Nebraska Governor David Heineman, Nebraska Attorney General Jon Bruning and Nebraska State Trooper No. 371, Dean Riedel. Ballard alleges he was the victim of Riedel's racially-motivated traffic stop and subsequent unconstitutional search and seizure,

which Heineman and Bruning promoted through policies that encouraged the targeting of racial minorities. The district court[1] granted summary judgment to Heineman, Bruning and Riedel. Ballard appeals, arguing that he presented evidence to create genuine issues of material fact and that he was not allowed sufficient time for discovery before the district court granted summary judgment. For the reasons discussed below, we affirm.

## I.    BACKGROUND

We follow the district court in considering Heineman's, Bruning's and Riedel's statements of fact in support of their motions for summary judgment "deemed admitted" under Nebraska Local Civil Rule 56.1(b) because Ballard did not respond to those statements of fact. *See* Neb. Civ. R. 56.1(b)(1); *see also Nw. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003) (finding no abuse of discretion where the district court applied local rule and deemed plaintiff to have admitted defendant's statement of facts in defendant's motion for summary judgment).

On November 14, 2005, Ballard and two other persons, all of whom are African-American, were stopped by Riedel as they traveled in a rented vehicle. Riedel stopped the vehicle because he observed it speeding and following another car too closely. During the traffic stop, Riedel observed that the vehicle was rented, but none of the vehicle's occupants admitted renting it. Riedel then asked for a copy of the rental agreement. While the occupants searched for a copy of the rental agreement, Riedel noticed that they avoided looking in a certain Adidas bag. Further, the information the occupants provided to Riedel was inconsistent, and at least two of the occupants had drug-related criminal histories. Riedel then obtained permission to

---

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

search the vehicle, including the occupants' luggage and coats. Riedel discovered cocaine in the Adidas bag, and he placed the three occupants under arrest. Ballard later admitted to a Nebraska state patrol inspector that the Adidas bag belonged to him. Heineman and Bruning had no knowledge of or involvement in this traffic stop or search, and they did not implement any policies allowing officers to take the race of motorists into account when deciding whether to stop or search them.

The Lincoln County Attorney's Office filed criminal charges against Ballard. On May 16, 2006, the District Court of Lincoln County granted Ballard's motion to suppress the evidence obtained from Riedel's search, finding that the occupants did not consent to the search and that the search was not supported by probable cause. In its opinion, the Lincoln County court stated that racial profiling was implicated in Riedel's decision to conduct the search, though the court made no such finding regarding the initial traffic stop. Thereafter, Ballard filed this § 1983 action, alleging that Heineman and Bruning instituted policies encouraging troopers to target racial minorities. According to Ballard, these policies led to Riedel conducting the racially-motivated traffic stop and subsequent unconstitutional search and seizure. Heineman, Bruning and Riedel each moved for summary judgment.

The district court granted the motions, finding that Ballard presented no evidence that raised a genuine issue of material fact in opposition to the motions for summary judgment and that Heineman, Bruning and Riedel were entitled to judgment as a matter of law.[2] Ballard appeals, arguing that he raised genuine issues of material

---

[2] In his brief, Ballard argues that Heineman, Bruning and Riedel are not entitled to qualified immunity. The district court did not explicitly base its grant of summary judgment on qualified immunity. Nevertheless, in granting summary judgment, the district court implicitly undertook the first step of a qualified immunity analysis; that is, the district court implicitly found that Ballard's constitutional rights were not violated when Riedel stopped and searched the vehicle because the uncontroverted evidence gave rise to no genuine issue of material fact that a constitutional violation occurred. *See Cox v. Sugg*, 484 F.3d 1062, 1065 (8th Cir. 2007) (explaining that the

fact by submitting the Lincoln County court's opinion and a Nebraska Commission on Law Enforcement and Criminal Justice report, which found that African-American drivers were more likely than white drivers to be searched and arrested after a traffic stop. Ballard also contends that summary judgment was granted without allowing him sufficient time to conduct discovery.

## II. DISCUSSION

We first address Ballard's argument that he presented evidence sufficient to create genuine issues of material fact that preclude summary judgment. We review a district court's grant of summary judgment de novo. *Russell v. Hennepin County*, 420 F.3d 841, 847 (8th Cir. 2005). Summary judgment is appropriate if the evidence demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* While we view evidence in the light most favorable to the nonmoving party, the nonmoving party may not rest on its pleadings; instead, it "must set forth specific facts showing there is a genuine issue of material fact for trial." *Thomas v. Corwin*, 483 F.3d 516, 526 (8th Cir. 2007). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Id.* at 527.

Ballard contends that the traffic stop was racially motivated and therefore an unreasonable seizure in violation of the Fourth Amendment. He further argues that Riedel's search of the vehicle violated the Fourth Amendment because it was racially

first step under qualified immunity analysis is determining whether a right was violated). Because the district court found that Ballard failed to meet his burden of proving that an issue of material fact exists regarding whether a constitutional right was violated, it did not need to reach the second step of a qualified immunity analysis—whether the right was clearly established. *See Janis v. Biesheuvel*, 428 F.3d 795, 799 (8th Cir. 2005).

motivated and unsupported by probable cause or consent. A traffic stop is reasonable "if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred." *United States v. Herrera-Gonzalez*, 474 F.3d 1105, 1109 (8th Cir. 2007). However, "[e]ven if the officer was mistaken in concluding that a traffic violation occurred, the stop does not violate the Fourth Amendment if the mistake was an objectively reasonable one." *Id.* (quotation omitted). A search of a vehicle does not violate the Fourth Amendment if it is based on consent or probable cause. *See United States v. Brown*, 345 F.3d 574, 580 (8th Cir. 2003).

Riedel's unopposed statement of facts explains that he stopped the vehicle because it was speeding and following another car too closely. *See VanHorn v. Oelschlager*, 457 F.3d 844, 845 n.2 (8th Cir. 2006) (explaining that the moving party's statement of facts is admitted under Nebraska Local Civil Rule 56.1(b) when the nonmoving party fails to respond). Further, Riedel's unopposed statement of facts show that his search of the vehicle, luggage and coats occurred after the passengers consented to the search. Moreover, Heineman's and Bruning's unopposed statements of fact explain that they had no knowledge of and did not implement any policies or practices allowing officers to take the race of motorists into account when deciding whether to stop or search them. Ballard presented no affidavits, depositions, answers to interrogatories or admissions specifically disputing Heineman's, Bruning's or Riedel's statements of fact. The only evidence he presented was the Lincoln County court's opinion granting Ballard's motion to suppress and the Nebraska Commission report discussing racial profiling in Nebraska. Neither document raises a genuine issue of material fact as to the constitutionality of the traffic stop or subsequent search and seizure.

First, the Lincoln County court's opinion makes no determination that the traffic stop was unconstitutional. According to Riedel's unopposed statement of facts, Riedel observed the vehicle violating traffic laws. Although it discusses racial

profiling, the Lincoln County court's opinion does not actually find that the traffic stop was the result of racial profiling or was otherwise unconstitutional. Thus, Riedel's stop of the vehicle did not violate the Fourth Amendment because it was supported by probable cause that a traffic violation occurred. *See Herrera-Gonzalez*, 474 F.3d at 1109.

Second, Ballard presents no specific evidence disputing Riedel's statement that the passengers consented to his search of the vehicle. Ballard argues that the Lincoln County court's opinion raises a question of fact as to whether the search was supported by consent. In the district court, however, Ballard argued that Riedel was barred from relitigating the consent issue by the doctrine of claim preclusion because the Lincoln County court had already found that the vehicle's passengers did not consent to the search. The district court rejected that argument, noting that the Lincoln County court's opinion addressed a motion in a criminal proceeding that did not involve the same parties to the current action. *See, e.g.*, *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Ballard does not raise this argument in his appellate brief, so it is waived. *See, e.g.*, *XO Mo., Inc. v. City of Maryland Heights*, 362 F.3d 1023,1025 (8th Cir. 2004). In the absence of any preclusive effect, the findings and legal conclusions in the Lincoln County court's opinion simply are not evidence that create genuine issues of material fact. *Cf. Allen v. Entergy Corp.*, 181 F.3d 902, 906 (8th Cir. 1999) (explaining that conclusory affidavits devoid of specific factual allegations rebutting the moving party's evidence cannot defeat a summary judgment motion). Thus, Riedel's search of the vehicle did not violate the Fourth Amendment because the unopposed statements of fact show that the passengers consented to the search. *See Brown*, 345 F.3d at 580.

Similarly, although the Nebraska Commission report contains statistical data related to racial profiling generally in Nebraska, it does not contain specific facts showing that Riedel stopped this vehicle for racially-motivated reasons or that the passengers in this case did not consent to Riedel's search. Finally, neither the Lincoln

County court's opinion nor the Nebraska Commission report present any specific facts stating that Heineman or Bruning instituted policies encouraging the targeting of minorities by law enforcement officials.

By presenting no specific facts disputing Heineman's, Bruning's and Riedel's statements of fact, Ballard essentially failed to respond to the motions for summary judgment. Riedel's unopposed statement of facts shows that he committed no constitutional violations because he stopped the vehicle after observing traffic violations and he subsequently obtained consent to search the vehicle. Heineman's and Bruning's unopposed statements of fact also explain that they did not institute policies involving the targeting of minorities. Because Ballard has presented no specific evidence controverting the unopposed statements of fact, he has not raised a genuine issue of material fact from which a reasonable jury could conclude that constitutional violations occurred. Therefore, the district court did not err in granting summary judgment to Heineman, Bruning and Riedel.

Next, we address Ballard's argument that summary judgment was granted before he had the opportunity to conduct discovery. We review the district court's determination of whether there has been adequate time for discovery for abuse of discretion. *Nord v. Kelly*, 520 F.3d 848, 852 (8th Cir. 2008). The district court does not abuse its discretion by denying further discovery "where the nonmoving party is not deprived of a fair chance to respond to the summary judgment motion." *Id.* Discovery does not need to be complete before a district court grants summary judgment. *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008). Unless a party files an affidavit under Federal Rule of Civil Procedure 56(f) showing what facts further discovery may uncover, "a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it." *Nolan*, 521 F.3d at 986.

On July 2, 2007, a magistrate judge granted Heineman, Bruning and Riedel's motion to stay discovery pending the resolution of their motion to dismiss. The order granting the motion to stay discovery stated that "the motion should be granted, without prejudice to [Ballard] filing, if necessary, a motion for leave to conduct limited discovery on the issue of qualified immunity." Ballard never filed such a motion. On October 1, 2007, the magistrate judge stayed all discovery pending the resolution of Heineman's, Bruning's and Riedel's motions for summary judgment. On the same day, Ballard filed an objection to the stay of discovery and a motion for enlargement of time to answer the defendants' summary judgment motions on the issue of qualified immunity. The district court denied both the objection and the motion for enlargement of time because Ballard failed to identify the specific facts he sought to discover.

Because Ballard never filed a proper Rule 56(f) motion, the district court did not abuse its discretion by granting summary judgment on the record before it. *See Nolan*, 521 F.3d at 986. Rule 56(f) motions must "show[] by affidavit that, for specified reasons, [the party] cannot present facts essential to justify its opposition" to the summary judgment motion. Fed. R. Civ. P. 56(f). Ballard's objection to the stay of discovery and motion for enlargement of time did not show by affidavit "specific facts further discovery might uncover." *See Nolan*, 521 F.3d at 986. Moreover, even before the rejection of his objection and motion for enlargement of time, Ballard had the opportunity to file a motion for leave to conduct limited discovery on the issue of qualified immunity between July 2, 2007, and October 1, 2007, but he failed to do so. Therefore, because Ballard failed to file a proper Rule 56(f) motion, failed to set forth specific facts he sought to discover when he objected to the stay of discovery, and failed to file a motion to conduct discovery on qualified immunity when he had the opportunity to do so, the district court did not abuse its discretion in granting summary judgment without allowing further discovery.

## III. CONCLUSION

Because Ballard created no genuine issues of material fact challenging the unopposed statements of fact showing no constitutional violations occurred as a matter of law and because the district court did not abuse its discretion in denying further discovery, we affirm the district court's grant of summary judgment to Heineman, Bruning and Riedel.

_____