# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-2531/08-1573

_____

| | | |
|---|---|---|
| Rickey Dukes, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| City of Minneapolis; Officer Kelly | * | |
| O'Rourke; Officer Jeffrey Imming; | * | [UNPUBLISHED] |
| Officer Michael Ramsdell, personally | * | |
| and in their capacity as employees or | * | |
| agents of the City of Minneapolis, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 16, 2009
Filed: July 30, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Minnesota prisoner Rickey Dukes brought this civil rights action against the City of Minneapolis and police officers Kelly O'Rourke, Jeffrey Imming, and Michael Ramsdell, asserting that the officers conspired against him and violated his Fourth Amendment right to be free from illegal searches and seizures as well as his Fourteenth Amendment substantive due process rights. His complaint also included

a state-law defamation claim. On appeal, Dukes challenges the district court's[1] grant of summary judgment in favor of the officers and its order denying his motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(3). We affirm.

In support of the motion for summary judgment, Officer O'Rourke attested to the following. After receiving information from a confidential reliable informant (CRI) that Dukes was selling narcotics, O'Rourke instructed the CRI to carry out a "controlled buy." The CRI purchased marijuana from Dukes in Dukes's apartment, and O'Rourke obtained a search warrant for Dukes's known address, which was an apartment #113. Following a police briefing, but before leaving to execute the search warrant, O'Rourke received a telephone call from the CRI. The CRI claimed that he had recently been in Dukes's apartment and saw approximately two pounds of marijuana. He also stated that Dukes was still using apartment #113, but had moved his belongings to apartment #209. Officers executed the search warrant for apartment #113 and discovered that it was vacant. O'Rourke then applied for and obtained a search warrant for apartment #209. His supporting affidavit mentioned the ongoing narcotics investigation and stated "[w]hile in route to investigate Dukes I received updated CRI information that Dukes is storing larger quantities of marijuana in apartment #209." He also stated that the building management had confirmed that Dukes was renting apartment #209, but still had the keys to apartment #113.

In his opposition to the summary judgment motion, Dukes asserted that O'Rourke's cellular phone records revealed that he had not received any calls between the end of the police briefing and the execution of the second search warrant. The officers responded that Dukes had incorrectly assumed the CRI had called O'Rourke's cell phone. As reflected in the police report dated July 31, 2003, and affidavit in support of the motion for summary judgment, the CRI called O'Rourke's office

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

telephone line. Finding no genuine issue of material fact, the district court – upon adopting the magistrate judge's report and recommendation – granted summary judgment in favor of the officers.

Dukes later moved for relief from judgment under Rule 60(b)(3). He argued that the officers had engaged in intentional misconduct when they did not produce phone records showing calls made to O'Rourke's office telephone line, even though he had requested production of such records. The district court denied the Rule 60(b)(3) motion, noting that Dukes, despite being represented by counsel, had not mentioned the officers' failure to produce the office phone records in his opposition to the summary judgment motion or in his objections to the magistrate judge's report and recommendation.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to Dukes. *See Ballard v. Heineman*, 548 F.3d 1132, 1135 (8th Cir. 2008) (while this court views evidence in light most favorable to nonmoving party, nonmoving party must set forth specific facts showing there is genuine issue of material fact for trial; mere allegations, unsupported by specific facts or evidence beyond nonmoving party's own conclusions, are insufficient to withstand motion for summary judgment). Based upon the summary judgment record that was before the district court, there was no genuine dispute that O'Rourke had received a phone call from the CRI shortly before he executed the first search warrant. Without more, O'Rourke's sworn statement in support of the second search warrant application – that he received the CRI's telephone call while "in route to investigate Dukes" – was not so obviously inconsistent with his police report dated July 31, 2003, and his sworn affidavit in support of the summary judgment motion – that he received the CRI's phone call after the briefing, but before he left to execute the first search warrant – as to create a genuine issue of material fact. Thus, we hold that the second search warrant was adequately supported by probable cause, and summary judgment was properly granted on Dukes's Fourth Amendment claim. *See United States v.*

*Coleman*, 349 F.3d 1077, 1084 (8th Cir. 2003) ("minor discrepancy" in wording of officer's search warrant affidavit is not sufficient to establish that officer acted deliberately or recklessly in making statement); *cf. Turpin v. County of Rock*, 262 F.3d 779, 783 (8th Cir. 2001) (affidavit for search warrant containing materially false statements or omissions knowingly or recklessly made in conscious disregard for truth violates Fourth Amendment); *Walden v. Carmack*, 156 F.3d 861, 871 (8th Cir. 1998) (if search warrant application or affidavit contains errors reflecting deliberate falsehoods or reckless disregard for truth, court must set aside those statements and review remaining portions to see if probable cause is established).

We also hold that the officers were entitled to judgment as a matter of law on the other claims contained in Dukes's complaint. *See Moran v. Clarke*, 296 F.3d 638, 646 (8th Cir. 2002) (en banc) (if particular Amendment provides explicit textual source of constitutional protection against particular sort of government behavior, that Amendment, not more generalized notions of substantive due process, must be guide for analyzing claims); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (false-arrest claim under 42 U.S.C. § 1983 fails as matter of law where officer had probable cause to make arrest; in order to succeed in civil-rights-conspiracy claim under 42 U.S.C. § 1985, plaintiff must provide some facts suggesting mutual understanding between defendants to commit unconstitutional acts); *Bol v. Cole*, 561 N.W.2d 143, 146 (Minn. 1997) (for statement to be defamatory, it must be false).

Finally, we conclude that the district court did not abuse its discretion in denying Dukes's Rule 60(b)(3) motion. *See Smith v. Clarke,* 458 F.3d 720, 724-25 (8th Cir. 2006) (district court did not abuse its discretion in denying Rule 60(b) motion where record did not yield any deliberate fraud by state attorney general's office; without clear and convincing evidence that misrepresentation was intentional, district court had no obligation to grant motion); *see also United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (standard of review). Notably, while Dukes now complains that the officers never produced the office phone records,

he was obligated to pursue the release of those records prior to the grant of summary judgment.  *Cf. Ballard*, 548 F.3d at 1137 (unless party files affidavit under Federal Rule of Civil Procedure 56(f) showing what facts further discovery may uncover, district court generally does not abuse its discretion in granting summary judgment on basis of record before it).

The judgment of the district court is affirmed.

_____