# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3778

_____

|  |  |  |
|---|---|---|
| Battlefield Center, L.P.; Christopher Kersten, | * * * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| National City Bank of the Midwest, successor to Allegiant Bank, a corporation, | * * * * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 21, 2009
Filed: November 5, 2009

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Battlefield Center, L.P. and Christopher Kersten, its sole partner (collectively "Battlefield Center"), appeal the district court's[1] grant of summary judgment in favor of National City Bank. We affirm.

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

In its complaint, Battlefield Center asserted claims of breach of good faith and fair dealing, tortious interference with a business relationship, fraudulent inducement, and misrepresentation. After Battlefield Center dismissed its breach of good faith and fair dealing claim, the district court granted summary judgment on the remaining claims, holding that: (1) it would be improper to consider parol evidence where there was no ambiguity in the settlement agreement or evidence to support Battlefield Center's claim of fraudulent or negligent inducement to enter into the settlement agreement, (2) Battlefield Center had failed to provide evidence that a third party was interested in refinancing its loans and, therefore, could not show tortious interference with a business relationship, and (3) Battlefield Center could not prove its claims for fraudulent inducement or negligent misrepresentation because Kersten was an experienced business person who should have understood his obligations under the settlement agreement.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the nonmovant. See Ballard v. Heineman, 548 F.3d 1132, 1135 (8th Cir. 2008) (while this court views evidence in light most favorable to nonmoving party, nonmoving party must set forth specific facts showing there is genuine issue of material fact for trial; "[m]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment" (citation omitted)). Having so reviewed the district court's judgment, we agree with its thorough and well-written decision.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____