# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2617

_____

Dontrea "Ricky" Simpson,                  *
individually and as administrator of      *
the Estate of Olivia Stewart; Estate      *
of Olivia Stewart,                        *
                                          *
             Appellant,                   *
                                          *  Appeal from the United States
      v.                                  *  District Court for the Western
                                          *  District of Arkansas.
City of Fort Smith, Arkansas; Fort        *
Smith Police Department; Randy            *  [UNPUBLISHED]
Reed, in his official capacity as         *
Chief of Police for the City of Fort      *
Smith Police Department; Jeff             *
Barrows, in his official capacity as      *
Interim Chief of Police for the City      *
of Fort Smith Police Department;          *
Kevin Lindsey, Chief of Police for        *
the City of Fort Smith Police             *
Department; Officer Jeff Carter,          *
individually and in his official          *
capacity as a Police Officer for the      *
City of Fort Smith Police                 *
Department,                               *
                                          *
             Appellees.                   *

_____

Submitted: March 12, 2010
Filed: August 10, 2010

_____

Before BYE, COLLOTON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Officer Jeff Carter of the Fort Smith Police Department ("FSPD") engaged in a shootout with a suspect later identified as Gary Nixon. During the exchange of gunfire, Officer Carter accidentally shot Olivia Stewart, an innocent bystander. Stewart died, and the administrator of her estate, Dontrea Simpson, filed this action under Arkansas law and 42 U.S.C. § 1983. The district court[1] dismissed all defendants, except for the City of Fort Smith ("the City") and Officer Carter. The City and Officer Carter moved for summary judgment on Simpson's federal claims, which the district court granted. Simpson appeals the grant of summary judgment to the City and Officer Carter.[2] For the following reasons, we affirm.

On December 12, 2006, FSPD Officer Daniel Honeycutt received a report of a man pointing a shotgun at another man in front of a pawn shop. Officer Honeycutt went to the pawn shop. A witness told him that a man, later identified as Gary Nixon, exited a maroon car and pointed a shotgun at a man in another car; both cars then drove away. While Officer Honeycutt was speaking to witnesses, a maroon Buick pulled up to the pawn shop.

Officer Honeycutt radioed Officer Carter, who was on duty nearby, and told him that he was going to approach the car. Officer Carter then got into his police cruiser and drove toward the pawn shop. As Officer Honeycutt approached the Buick

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

[2]After granting summary judgment on Simpson's federal claims, the court declined to exercise supplemental jurisdiction over the state law claims. Simpson does not challenge that decision.

-2-

on foot, a man in the back seat pointed a shotgun at him. Officer Honeycutt took cover, and the car drove away.

Officer Carter soon spotted the maroon Buick pulling out of an alley. He attempted to stop the car, but the driver did not immediately pull over. After a brief pursuit, the car came to a sudden stop. As Officer Carter got out of his cruiser, Nixon stepped out of the car and pointed a shotgun at him. Officer Carter dove to the ground, and Nixon fired. Officer Carter then drew his pistol, moved behind his cruiser, and returned fire. Nixon began running. After what a witness described as a "short pause," during which Officer Carter visually surveyed the scene, Officer Carter resumed firing at Nixon. As Nixon continued to run, Officer Carter lost sight of him. However, Officer Ronald Scamardo apprehended Nixon a few blocks away.

At the time of the shootout, Olivia Stewart was approximately 250 feet away from Officer Carter in the parking lot of an apartment complex. Stewart was talking to her niece, who lived at the complex. An errant bullet shot from Officer Carter's pistol struck her, and she died from the gunshot wound.

Simpson filed suit under § 1983, alleging that Officer Carter violated Stewart's Fourteenth Amendment substantive due process rights and Stewart's Fourth Amendment right to be free from unreasonable seizures. Additionally, Simpson claimed that the City failed to train Officer Carter properly. The district court found that Officer Carter was entitled to qualified immunity because he had not violated Stewart's constitutional rights and that as a result, the City could not be liable under a failure to train theory. Accordingly, the court granted summary judgment to the City and Officer Carter. Simpson appeals.

"We review a district court's grant of summary judgment de novo." *Ballard v. Heineman*, 548 F.3d 1132, 1135 (8th Cir. 2008). Summary judgment is appropriate if, viewing all the evidence in the light most favorable to the non-moving party, "no

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* "Qualified immunity shields a government official from liability [under § 1983] when his conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 F.3d 800, 818 (1982)). Accordingly, if the facts, viewed in the light most favorable to Simpson, do not establish that Officer Carter violated Stewart's statutory or constitutional rights, then he is entitled to qualified immunity. *See id.*

Simpson first argues that Officer Carter violated Stewart's substantive due process rights. To establish a substantive due process violation, Simpson must show that Officer Carter's behavior was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). "Mere negligence is never sufficient." *Id.* We apply one of two standards when determining whether an officer's conduct shocks the conscience. *See id.* The intent-to-harm standard applies to "rapidly evolving, fluid, and dangerous situations which preclude the luxury of calm and reflective deliberation." *Id.* (quoting *Neal v. St. Louis County Bd. of Police Comm'rs*, 217 F.3d 955, 958 (8th Cir. 2000)). The deliberate indifference standard applies to situations where "actual deliberation is practical." *Id.* (quoting *Lewis*, 523 U.S. at 851).

We conclude that the intent-to-harm standard applies in this case. A fleeing suspect had pointed a shotgun at a civilian and at Officer Honeycutt and had initially evaded capture. He then fired the shotgun at Officer Carter. Officer Carter was responding to a quintessential "rapidly evolving, fluid, and dangerous situation[]." *See id.*; *see also Neal*, 217 F.3d at 958 (applying the intent-to-harm standard to a shootout with a suspect who was pointing a gun at an officer's head); *Claybrook v. Birchwell*, 199 F.3d 350, 360 (6th Cir. 2000) (applying the intent-to-harm standard to a shootout where the suspect approached officers wielding a shotgun). Simpson does

not present any argument, let alone any evidence, that Officer Carter acted with an intent to harm Stewart. Accordingly, Simpson has failed to show that Officer Carter violated Stewart's substantive due process rights.

Simpson asserts that the deliberate indifference standard applies here because during the "short pause" in the shooting, Officer Carter had the opportunity to survey the scene before firing his second round of shots. Even if we were to agree that this "short pause" allowed sufficient time for actual deliberation, we would reach the same conclusion. Under the lesser deliberate indifference standard, Simpson must present evidence that Officer Carter "acted intentionally or wrongfully in disregarding a known danger." *See Hart v. City of Little Rock*, 432 F.3d 801, 806 (8th Cir. 2005). The record contains no evidence from which a reasonable jury could conclude that Officer Carter knew that Stewart was in the line of fire and intentionally or wrongfully disregarded that danger when he shot at Nixon. At most, Officer Carter's actions amounted to negligence, which is "never sufficient" to show that conduct shocks the conscience. *See Terrell*, 396 F.3d at 978. Therefore, taking the facts in the light most favorable to Simpson, he has not shown that Officer Carter violated Stewart's Fourteenth Amendment substantive due process rights.

Simpson also contends that Officer Carter violated Stewart's right to be free from unreasonable seizures. Simpson must present sufficient evidence to prove that a seizure occurred and that the seizure was unreasonable. *See Moore v. Indehar*, 514 F.3d 756, 759 (8th Cir. 2008). A seizure occurs when "there is a governmental termination of freedom of movement *through means intentionally applied*." *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989). In *Moore*, we expressly rejected an argument that was indistinguishable from Simpson's, holding that "bystanders are not seized for Fourth Amendment purposes when struck by an errant bullet in a shootout." 514 F.3d at 760. Because Simpson presented no evidence that Stewart was struck by anything other than an errant bullet, we conclude that Simpson has not established that Officer Carter violated Stewart's Fourth Amendment right to be free from

unreasonable seizures. In the absence of a constitutional violation by Officer Carter, qualified immunity shields him from liability under § 1983.

Finally, Simpson claims that the City is liable for failing to properly train Officer Carter. But, as the district court correctly held, "[w]ithout a constitutional violation by the individual officers, there can be no § 1983 . . . failure to train municipal liability." *See Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007). Because Simpson failed to show an underlying constitutional violation by Officer Carter, Simpson's failure to train claim necessarily fails. *See id.*

For the foregoing reasons, we affirm the judgment of the district court.

_____