# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3307

_____

Gannon International, Ltd.; The     *
Gannon Pacific Company; The Gannon   *
Company (Hong Kong), Limited;      *
Gannon Vietnam Co., Ltd.,         *
                              *
      Plaintiffs/Appellants,     *
                              *
   v.                             *
                              *
Walter Blocker,              *   Appeal from the United States
                              *   District Court for the
      Defendant/Appellee,       *   Eastern District of Missouri.
                              *
Ignition Capital Partners; Sandalwood   *
Investments, Limited; Gannon Brewery   *
Joint Stock Company,         *
                              *
      Defendants,           *
                              *
Connell Bros. Company, Ltd.,      *
                              *
      Movant.             *

_____

Submitted: April 19, 2012
Filed: July 17, 2012

_____

Before LOKEN and SHEPHERD, Circuit Judges, and GERRARD,[1] District Judge.
_____

GERRARD, District Judge.

This case involves a wire transfer from the plaintiff's bank account to the defendant's wife. The plaintiff claimed that the defendant, a former employee of the plaintiff, initiated the transfer unlawfully. But the defendant moved for summary judgment, offering evidence of another explanation for the transfer. The plaintiff did not offer any evidence in response, and the district court[2] entered summary judgment for the defendant.

The issue presented in this appeal is whether the defendant made the initial showing required by Fed. R. Civ. P. 56 that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law, thereby shifting the burden to the plaintiff to present affirmative evidence showing that a genuine issue of material fact existed. We find that the defendant made the required showing, and affirm the judgment of the district court.

I

This litigation began when Gannon International, Ltd. ("Gannon"), filed a complaint in district court against Walter Blocker and several corporate defendants. Blocker is a former employee of Gannon who managed some of Gannon's Asian subsidiaries. Gannon's operative complaint alleged that in May 2007, Blocker had secretly caused a wire transfer of $415,000 from the bank account of Gannon Hong

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Kong into his wife's personal bank account. This transfer, Gannon alleged, was not for a legitimate business purpose. Gannon further alleged that in February 2009, Blocker caused a wire transfer of $40,000 from a Gannon Hong Kong bank account to the personal bank account of Gannon's former Chief Financial Officer, Bob Greene, again for no legitimate business purpose.

Gannon also alleged that Blocker was part of a scheme to divest Gannon of its investment in a joint venture to build a brewery in Vietnam. Gannon claimed that Blocker had refused to provide Gannon with access to records of Gannon subsidiaries, particularly relating to Gannon Vietnam's license to distribute Anheuser Busch products in Vietnam. And Gannon alleged that, against its orders, Blocker had diverted Gannon funds to a Vietnamese joint stock company formed to operate the planned brewery.

These acts, according to Gannon, gave rise to several claims for relief, against Blocker and the three other defendants (the Vietnamese joint stock company and two Washington private equity firms). Gannon alleged that Blocker had breached his fiduciary duties to Gannon. Gannon claimed that Blocker had committed fraud by causing the wire transfers to personal bank accounts. Gannon alleged that the wire transfer to Blocker's wife's personal account constituted unjust enrichment and conversion. Another fraud claim, against Blocker and the equity firms, was based on a call for capital contribution to the joint stock company. The alleged scheme to divest Gannon of its interest in the joint stock company also formed the basis for claims of tortious interference with business relationships, inducing a breach of fiduciary duty, violating Section 10(b) of the Securities Exchange Act of 1934,[3] and civil conspiracy. And Gannon pled separate claims for declaratory judgment and a constructive trust.

_____

[3]Section 10(b) is the anti-fraud provision of the Act. 15 U.S.C. § 78j.

Blocker moved to dismiss under Fed. R. Civ. P. 12(b)(4), (5), and (6), and the equity firms moved to dismiss under Fed. R. Civ. P. 12(b)(1) and (2), contesting personal and subject-matter jurisdiction. Blocker also moved for partial summary judgment on the claims arising out of the alleged $415,000 transfer.

The district court disposed of the Rule 12 motions first. It dismissed the equity firms for lack of personal jurisdiction. The court dismissed the fraud claim based on the wire transfers, as well as the tortious interference and Section 10(b) claims, for failing to state claims for relief. It dismissed the constructive trust claim because a constructive trust is a remedy, not a separate cause of action. And finally, the court found that any remaining claims relating to the investment agreement between Gannon and the equity firms were subject to the arbitration clause of the agreement, and dismissed those claims on that basis. Left standing, to the extent they were based on the wire transfers, were the claims for breach of fiduciary duty, unjust enrichment, conversion, and civil conspiracy.

Before the court ruled on Blocker's motion for partial summary judgment, Gannon filed a motion to voluntarily dismiss the entire action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). Gannon explained that Blocker and Greene had sued it in a Missouri state court, and it wanted to dismiss its claims in federal court and refile them in the state court action. Blocker opposed voluntary dismissal. But before the court addressed Gannon's motion to voluntarily dismiss, it granted Blocker's motion for partial summary judgment.

In support of his motion for partial summary judgment, Blocker presented several exhibits. Tran Quoc Hung, the former chief financial officer of the Gannon subsidiaries at issue, provided a statement regarding the $415,000 transaction. Hung explained that in the course of his duties for the Gannon subsidiaries, he had been involved in handling a transaction between two other companies: Diageo Finance PLC and Linh Gia Co Ltd. Diageo Finance is a subsidiary of Diageo, a large

-4-

worldwide producer of alcoholic beverages. Linh Gia is in the business of importing and distributing foreign alcoholic beverages in Vietnam. Linh Gia is partly owned by Doan Phuong Ly, Blocker's wife.

According to Hung, Linh Gia contracted with Gannon for support services regarding the import and distribution of alcoholic beverages produced by Diageo. Linh Gia needed money for expenses such as taxes, operating costs, and advertising; Diageo agreed to provide it. Diageo wired approximately $470,000 to Gannon Hong Kong—money that was, according to Hung, intended for Linh Gia. So, Gannon Hong Kong transferred $415,000 of that money to Ly, who was expected to transfer that amount to Linh Gia for expenses. And, according to Hung, those expenses were paid as agreed by Ly and Linh Gia. Hung said that he had verified Ly's transfer of the money to a Linh Gia account, and he attached an exhibit (written in a foreign language which is presumably Vietnamese) that he proffers as evidence of that transfer. Blocker's own statement explains that the funds were transferred through Ly so they would be seen as a "capital contribution" from a shareholder instead of being deemed income to Linh Gia.[4]

Hung also explained that Blocker was not immediately aware of these transfers—they were Hung's responsibility as chief financial officer. Hung declared that Diageo had no debt to Gannon which would have entitled Gannon to the money. Ly provided a declaration consistent with Hung's account of the transactions, to which she attached several exhibits (again, primarily in a foreign language we presume is Vietnamese) as evidence of Linh Gia's use of the funds on legitimate business expenses associated with importing and distributing Diageo products. Blocker's own statement was consistent with Hung's and Ly's.

---

[4]Whether this tactic was consistent with any applicable tax laws is not at issue.

Gannon did not submit evidence in response to Blocker's motion. Instead, it argued that Blocker had not made a prima facie case for summary judgment. It asserted that two of the exhibits attached to Ly's statement referred not to Linh Gia, but to a different company, Nhan Viet. It contended that Hung's statement was inadmissable hearsay with respect to Diageo's intent to fund Linh Gia. And it complained that the receipt for the transfer from Ly to Linh Gia was handwritten.

The district court granted Blocker's motion. The court found that Blocker had proven the absence of a genuine issue of material fact with respect to the conversion claim because Gannon had not identified any debt owed by Diageo to Gannon that would explain the $470,000 transfer. And Blocker had presented unrebutted evidence explaining the transfer. Therefore, the court reasoned, the uncontested evidence established that Gannon had no right to possession of the funds, defeating its conversion claim. Whether Linh Gia had spent the money properly—i.e., as required by Linh Gia's agreement with Diageo—was, the court found, irrelevant to Gannon's claim against Blocker. For similar reasons, the court found that the claim for breach of fiduciary duty failed, because Blocker could not have breached a fiduciary duty to Gannon by transferring funds for a legitimate business purpose. And the unjust enrichment claim failed because Gannon never had a claim to the funds, and neither Blocker nor Ly retained the benefit of the funds.

The court specifically rejected the evidentiary complaints Gannon had made. The court rejected Gannon's hearsay objections, reasoning that the disputed statements were based on the first-hand knowledge of those responsible for the transfer of funds. And the court found no merit to Gannon's complaint about the handwritten receipt Blocker offered as evidence of Ly's transfer of the funds to Linh Gia. Gannon, the court noted, did not show how the handwritten receipt was inadequate evidence of a deposit, and did not come forward with any countervailing evidence that the deposit did not occur.

Based on that reasoning, the court granted Blocker's motion and expressly dismissed Gannon's claims for breach of fiduciary duty, unjust enrichment, and conversion to the extent they were based on the $415,000 transfer. Left standing were the claims for breach of fiduciary duty, unjust enrichment, conversion, and civil conspiracy, to the extent the claims rested on the alleged $40,000 transfer to Greene. Then, the court entered a text order granting Gannon's motion to dismiss the case without prejudice, and entered a final judgment of dismissal.

At that point, Gannon decided to start adducing evidence, in the context of a motion to alter or amend the judgment. In support of its motion, Gannon submitted two exhibits: (1) a contract entered into by Diageo and Gannon Hong Kong *after* the transfers at issue, generally memorializing an agreement that Gannon would support and guarantee Linh Gia's performance of its obligations to Diageo; and (2) an invoice from Linh Gia to Diageo for $470,000 for "marketing services," listing Gannon Hong Kong's information under "Bank details." Blocker objected that Gannon had not, in support of its motion, demonstrated why the evidence adduced could not have been obtained and produced earlier. And, Blocker argued, even if the evidence was considered, it was completely consistent with the evidence supporting Blocker's motion for summary judgment. The district court denied Gannon's motion to alter or amend. Gannon appealed from the order granting Blocker's motion for partial summary judgment.

II

The issue raised on appeal is whether the district court erred in granting summary judgment. But before addressing that, we digress to discuss a matter relating to our appellate jurisdiction—whether the final judgment from which the appeal was taken was manufactured.

A

The jurisdiction of federal courts of appeal is generally limited to appeals taken from "final decisions of the district courts." 28 U.S.C. § 1291. For an order to be final, it must end the litigation on the merits and leave nothing for the court to do but execute the judgment. Acton v. City of Columbia, 436 F.3d 969, 973 (8th Cir. 2006). But a dismissal without prejudice, coupled with the intent to refile the voluntarily dismissed claims after an appeal of an otherwise-interlocutory order, is a clear evasion of the judicial and statutory limits on appellate jurisdiction. Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc., 198 F.3d 685, 688 (8th Cir. 1999). We still have jurisdiction over such an appeal. See id.; see also Hope v. Klabal, 457 F.3d 784 (8th Cir. 2006). But, we have said, in most cases a district court abuses its discretion when it frustrates the limitations on federal appellate jurisdiction by entering a Rule 41(a)(2) order dismissing remaining claims without prejudice for the purpose of facilitating the immediate appeal of an earlier interlocutory order. Madsen v. Audrain Health Care, 297 F.3d 694, 697-98 (8th Cir. 2002); Great Rivers Coop., 198 F.3d at 689-90.

That having been said, we are persuaded that those concerns do not apply here. Our examination of the record suggests that Gannon's motion for voluntary dismissal was not an attempt to "evade the final judgment principle and end-run [Fed. R. Civ. P.] 54(b) by taking a tongue-in-cheek dismissal of its remaining claims." See Minnesota Pet Breeders, Inc. v. Schell & Kampeter, Inc., 41 F.3d 1242, 1245 (8th Cir. 1994). Gannon actually moved for voluntary dismissal before Blocker's motion for summary judgment was granted. And among the claims Gannon sought to dismiss were the ones now on appeal. Gannon explained, to the district court and this court at oral argument, that its motion to dismiss was motivated by the desire to consolidate all the litigation between Gannon and Blocker in one action. And, Gannon's counsel noted at oral argument, Gannon could also undercut Blocker's jurisdictional arguments by bringing its claims in the state court to whose jurisdiction Blocker had

already acceded. Gannon's counsel assured this court that it had no intent to refile in federal court, and the record provides us with no reason to doubt that assurance. In short, the circumstances here are inconsistent with a conclusion that Gannon sought to manipulate our appellate jurisdiction. So, we turn to the merits of its appeal.

B

Our analysis of the merits begins with familiar propositions. We review the district court's grant of summary judgment de novo, applying the same standards as the district court and viewing the evidence in the light most favorable to the nonmoving party. McDonald v. City of Saint Paul, 679 F.3d 698, 703 (8th Cir. 2012). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Rule 56(c)(2). A movant for summary judgment bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. Id. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. Id. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Id.

Gannon's argument is that the evidence offered by Blocker was insufficient to support summary judgment. For the most part, Gannon reasserts the same complaints it made to the district court. For instance, Gannon claims that Blocker's statement was "self-serving" and unpersuasive. Gannon contends that the evidence attached to

Ly's statement fails to document how Linh Gia spent the money transferred to it, or to properly document the transfer from Ly to Linh Gia. Gannon questions why only $415,000 of the $470,000 sent by Diageo were transferred to Ly. And Gannon argues that Hung's statement contained inadmissible hearsay.

Like the district court, we find these arguments unpersuasive. Blocker's statement, and those of Hung and Ly, may have been "self-serving," but they were also unrebutted. Parties to civil litigation usually have relevant evidence to offer, and where that evidence is uncontradicted, it can (and should) form the basis for a judgment. Simply dismissing such evidence as "self-serving" is precisely the sort of "'metaphysical doubt'" that will not suffice to oppose summary judgment. See Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). And we agree with the district court that questions about how Linh Gia spent the money are red herrings. Whether Linh Gia fulfilled its agreement with Diageo is not pertinent to Gannon's claims against Blocker. The failure to forward all $470,000 is another red herring—Gannon is only suing for the funds in the $415,000 transfer, so there is no need for Blocker to account for the rest of the funds. And while a handwritten receipt for a bank deposit may seem unorthodox, we are not in a position to evaluate Vietnamese banking practices. The exhibit is enough, in the absence of any other evidence, to prove what it purports to show. If a computerized bank record was available, Gannon was free to use the discovery process to try and obtain it, and see what it showed.

Nor does Gannon's evidentiary argument avail it. As a general principle, an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Rule 56(c)(4). A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Rule 56(c)(2). And when such an objection is made, the burden is on the proponent of the evidence to show

that the material is admissible as presented or to explain the admissible form that is anticipated. Rule 56 advisory committee's note.

But we review the admission of evidence for consideration at the summary judgment stage for an abuse of discretion. Warner Bros. Entm't, Inc. v. X One X Prods., 644 F.3d 584, 591 (8th Cir. 2011). And the standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it *could* be presented at trial in an admissible form. See Rule 56(c)(2). Gannon complains that Hung's statement is partly based on hearsay, but does not even attempt to argue that the information contained in Hung's statement could not have been presented in an admissible form at trial.[5] We conclude that the district court did not abuse its discretion in overruling Gannon's hearsay objection. See Walker v. Wayne Cnty., 850 F.2d 433, 435 (8th Cir. 1988).

Gannon also asserts that when money is transferred from one party into the bank account of another party, it is prima facie evidence that the receiving party has some legal right to those funds. Gannon cites no authority for this proposition, nor are we aware of any. In any event, Blocker presented evidence of an explanation for the transfers. Gannon cannot rebut that evidence with a baseless "presumption." But at this point, Gannon also relies on the evidence it presented in support of its motion to alter or amend the judgment. That requires some clarification.

Gannon's appellate brief repeatedly relies upon the Gannon-Diageo contract and Linh Gia-Diageo invoice that it presented in support of its motion to alter or amend. But that motion was overruled. And Gannon neither designated that ruling in its notice of appeal, nor included the ruling in its statement of issues, nor argued

---

[5]Gannon's argument is particularly deficient because Gannon itself, in support of its motion to alter or amend, presented exactly the sort of admissible foundational evidence that it claims was missing from Hung's statement. But more on that later.

in its appellate brief that the district court should have granted the motion. See Fed. R. App. P. 3(c) and 28(a)(5). In other words, Gannon did not preserve for appeal any issue with respect to the motion to alter or amend. See Hays v. Hoffman, 325 F.3d 982, 987 n.2 (8th Cir. 2003); C & S Acquisitions Corp. v. Nw. Aircraft, Inc., 153 F.3d 622, 625 (8th Cir. 1998).[6] So, the exhibits presented in support of that motion are not part of the summary judgment record. It is not clear whether Gannon fails to appreciate the distinction, or simply hopes that we won't notice it.

That having been said, even if considered, the exhibits do not suggest what Gannon claims they prove. Instead, they support Blocker's arguments. Gannon claims that because the Diageo-Gannon contract provides for Diageo to "from time to time at its sole discretion provide funding to Linh Gia[,]" this means that Diageo was meant to send funds *directly* to Linh Gia. But the contract was entered into two months after the disputed transfers, and on the very next page Gannon "acknowledges that all monies paid over to Linh Gia to date by GANNON was [sic] provided by DIAGEO." In other words, the contract is not only consistent with Blocker's version of events—it directly supports it. Similarly, Gannon argues that the Linh Gia-Diageo invoice requested that Gannon Hong Kong, not Linh Gia, be paid $470,000. But the exhibit is sent under Linh Gia's letterhead, to Diageo, and only lists Gannon's information under "Bank details." Unless Gannon can explain why Linh Gia would order Diageo to pay Gannon for *Gannon's* marketing services, the obvious meaning of the invoice is precisely consistent with Blocker's evidence—Diageo was to send Linh Gia $470,000 for marketing services, routed through Gannon's bank account.

---

[6]Nor, in any event, would there be any basis for finding the district court abused its discretion in overruling the motion; Gannon presented no reason to believe that it had exercised reasonable diligence to obtain the evidence before entry of judgment, or that the evidence would have produced a different result. See Williams v. Hobbs, 658 F.3d 842, 853-54 (8th Cir. 2011).

In sum, Gannon's attempt to cast a cloud over Blocker's evidence does not obscure the fact that Blocker's evidence, if presented and unrebutted at trial, would easily have warranted a judgment in his favor. Speculation and conjecture are insufficient to defeat summary judgment, see Bloom v. Metro Heart Group of St. Louis, Inc., 440 F.3d 1025, 1028 (8th Cir. 2006), and speculation and conjecture are all that Gannon offered. And even if we were to consider Gannon's belatedly proffered evidence, it only strengthens Blocker's case. Gannon's myriad arguments are, individually and collectively, without merit.

III

For the foregoing reasons, we affirm.

_____