# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1947

_____

Valerie Lacey

*Plaintiff - Appellant*

Ry 'Kia Lacey

*Plaintiff*

v.

Norac, Inc., doing business as Norac Additives

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: April 16, 2019
Filed: July 30, 2019

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Valerie Lacey sued employer Norac, Inc. for employment discrimination following her termination.[1] The district court[2] granted summary judgment in favor of the defendant. Concluding that the district judge did not err in applying the McDonnell Douglas burden-shifting test, we affirm.

## I.    Background

Valerie Lacey (Valerie) is an African-American woman who started working for Norac, Inc. in April 2014. Norac is a chemical additive manufacturer headquartered in Azusa, California, with an operating plant in Helena, Arkansas, where Valerie was employed until December 2014. Valerie's duties at the plant involved "Local Purchasing and HR stuff." Ry'Kia Lacey (Ry'Kia) also worked at the Helena plant as a temporary receptionist.

Norac contends that, in September 2014, it initiated a reorganization of the front office at its Helena plant, and transfer of some job duties back to California as part of a company-wide general restructuring. The reorganization included a plan to lay off three employees, Kesheanna Jackson, Valerie Lacey, and Danielle Rose (Jackson was also African-American, and Rose was Caucasian), and end Ry'Kia's temporary assignment. Norac terminated the three employees on December 2, 2014, prompting Kesheanna Jackson to file a separate Title VII retaliation suit in which she alleged that she was fired in retaliation for having previously filed a complaint against Norac with the Equal Employment Opportunity Commission (EEOC). The district court granted summary judgment for Norac and we affirmed in Jackson v. Norac, Inc., 685 Fed. App'x. 510 (8th Cir. 2017) (per curiam).

---

[1]Valerie's daughter, Ry'Kia Lacey, also sued Norac for employment discrimination, but she did not appeal.

[2]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

Norac submitted several exhibits documenting its restructuring/layoff plans. In an internal memo dated September 18, 2014, Norac's owner, Wally McCloskey, stated that the company would be moving most accounting activities handled by the Helena office to its California headquarters. A separate memo stated that Pam Payne (Norac's office manager at the time) would be handling, among other duties, on-site HR and purchasing support (which were Valerie's duties). A third memo confirmed that Payne would take over Valerie's duties at the company. Norac also submitted an email dated September 21, 2014, from McCloskey to Norac's counsel, allegedly contemplating Valerie's layoff. Valerie objected to the email, claiming that Norac had not produced it during discovery.

In November 2014, in response to Jackson's Title VII suit, Norac conducted interviews of employees who were potential witnesses in that case, including Valerie, Rose, and Payne, as well as two other employees, Kristin Gregory and Wendy Fletcher. Following the interviews Norac drafted affidavits for the employees to review and sign; Rose, Gregory, and Fletcher signed their affidavits with few or no changes. Valerie and Payne declined to sign their affidavits. Valerie amended her affidavit, and asserts that Norac scheduled a follow-up meeting with her, which she refused to attend. Valerie never signed the affidavit, and she claims that Payne observed Norac's lawyer was upset with her refusal to sign the affidavit. On December 2, 2014, Norac laid off Valerie, Jackson, and Rose, and ended Ry'Kia's temporary assignment. Valerie and Ry'Kia each filed charges with the EEOC– Valerie claiming that she was fired for refusing to sign the affidavit, and Ry'Kia claiming she had been released for being Valerie's daughter.

Before the district court, Valerie and Ry'Kia moved to strike the September 21 email because it was not disclosed in discovery, but was only attached in Norac's motion for summary judgment. Norac responded that it presented the email in response to plaintiffs' claim that Norac's other documents were falsified, and further asserted that any late disclosure was harmless. The district court denied the motion

to strike, finding that the September 21 email presented no new substantive information and did not prejudice plaintiffs.

The district court granted summary judgment in favor of Norac against both plaintiffs. Valerie appeals the grant of summary judgment, as well as the denial of her motion to strike the September 21 email for failure to timely produce.

## II.     Discussion

### *A.     Summary Judgment*

We review the district court's grant of summary judgment *de novo*, viewing the record in the light most favorable to Appellant. Ballard v. Heineman, 548 F.3d 1132, 1135 (8th Cir. 2008) (citation omitted). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The well-known burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), requires a plaintiff who does not provide any direct evidence of retaliation to "set forth a prima facie case in order to shift the burden of producing a legitimate, [nonretaliatory] reason for the employment decision to the employer." Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P., 444 F.3d 961, 964-65 (8th Cir. 2006) (citing McDonnell Douglas, 411 U.S. at 802-04). Valerie satisfied this burden by claiming that she had been terminated for not signing an affidavit supporting Norac in Jackson's case. The burden then shifted to Norac to provide a valid, nonretaliatory reason for terminating Valerie's employment. Based on the evidence produced by Norac the district court found that Norac had satisfied its burden. The evidence included memos prepared prior to the affidavit incident demonstrating that Norac had planned to lay off Jackson, Valerie, and Rose, while

-4-

keeping Payne, Fletcher, and Gregory. Norac followed through with its plan to lay off Rose, even though she actually signed the affidavit.

Because Norac presented sufficient evidence of a nonretaliatory reason for Valerie's termination, the burden shifts back to Valerie to "present evidence that (1) creates a question of fact as to whether [the employer]'s proffered reason was pretextual and (2) creates a reasonable inference that [the employer] acted in retaliation." Smith v. Allen Health Systems, Inc., 302 F.3d 827, 833 (8th Cir. 2002). She has failed to meet her burden. Valerie's primary argument is that because some of Norac's internal memos are not dated they are memos likely created in anticipation of litigation thereby rendering them pretextual. Valerie's argument is based entirely on speculation. Additionally, she speculates that one memo was postdated, but offers no proof to support this assertion. Mere speculation is insufficient to defeat summary judgment. Gannon Int'l, Ltd. v. Blocker, 684 F.3d 785, 794 (8th Cir. 2012). Because Valerie failed to meet her burden of presenting evidence that created a fact question as to whether Norac's proffered reason for her termination was pretextual, summary judgment was appropriate.

### B. Motion to Strike

We review the district court's ruling on a plaintiff's motion to strike evidence for abuse of discretion. Waldoch v. Medtronic, Inc., 757 F.3d 822, 829 (8th Cir. 2014), as corrected (July 15, 2014).

Fed. R. Civ. P. 26 states that a party, upon learning that its disclosure is incorrect or incomplete, must supplement or correct its disclosure in a timely manner. Valerie alleged in her February 14, 2017, deposition that certain of Norac's documents were falsified. This was during the discovery period. Norac provided the September 21 email for the singular purpose of defeating Valerie's claim at trial that Norac had fabricated certain memos. The district court found that the email provided

no new information, and therefore was not subject to Rule 26.  We find no abuse of discretion.  Furthermore, because the district court specifically did not rely on the new information in granting summary judgment, its admission did not prejudice Valerie.

## III.    Conclusion

The district court did not err in granting summary judgment, and did not abuse its discretion by denying Valerie's motion to strike.  We affirm the district court's ruling.

_____