# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-1488

_____

Estate of I.E.H.

*Plaintiff*

Ahmad Hersh, individually and as surviving parents of I.E.H., deceased; Muna
Omer, individually and as surviving parents of I.E.H., deceased

*Plaintiffs - Appellants*

v.

CKE Restaurants, Holdings, Inc.

*Defendant - Appellee*

Hardee's Food Systems, Inc.

*Defendant*

Hardee's Restaurants, LLC

*Defendant - Appellee*

Amman Hardee's Branch; John Doe, jointly and severally

*Defendant*s

Hardee's Food Systems, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2023
Filed: March 24, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

"At a Hardee's restaurant in Amman, Jordan, I.E. Hersh, a six-year-old boy, touched an exposed, electrified wire. I.E. was electrocuted and died. His parents sued the defendants (collectively, 'Hardee's') in the District Court for the Eastern District of Missouri," invoking the district court's[1] diversity jurisdiction. *Est. of I.E.H. v. CKE Rests., Holdings, Inc.*, 995 F.3d 659, 662 (8th Cir. 2021). The parents

> assert[ed] three claims: "wrongful death—negligence" (Count I), alleging theories of direct negligence and vicarious liability; "wrongful death—negligence—apparent agency" (Count II), alleging vicarious liability based on apparent authority; and "wrongful death—strict liability for breach of warranty" (Count III), alleging that [d]efendants placed a defective and unreasonably dangerous product (the playground equipment and surrounding structures) into the stream of commerce.

*Hersh v. CKE Rest. Holdings, Inc.*, No. 4:17-cv-02043-AGF, 2022 WL 407124, at *1 (E.D. Mo. Feb. 10, 2022). After the district court granted Hardee's motion to dismiss

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

-2-

the case, the parents appealed. We reversed the dismissal and remanded for further proceedings. *See Est. of I.E.H.*, 995 F.3d at 665.

On remand, the district court ordered the parties to brief the choice of law. The court determined that "with respect to Count I, no conflict existed between the laws of Missouri and Jordan on issues regarding liability." *Hersh*, 2022 WL 407124, at *1. By contrast, "the [c]ourt found that a conflict existed between the laws of Missouri and Jordan regarding whether apparent authority or strict products liability are grounds for tort liability." *Id.* The court applied the most-significant-relationship test and determined "that Jordanian law controlled and that Jordanian law did not recognize apparent authority or strict products liability as grounds for tort liability." *Id.*

The parties then filed "several related motions." *Id.* at *2. Hardee's filed (1) a motion for summary judgment and (2) a motion for judgment on the pleadings or to dismiss Counts II and III based on the court's choice-of-law ruling. The parents filed (1) a motion for reconsideration of the court's choice-of-law ruling, (2) a motion to strike certain declarations attached to the defendants' summary-judgment motion, and (3) a motion to strike the defendants' reply brief in support of their summary-judgment motion.

After conducting a thorough analysis of all issues, the district court granted Hardee's motion for summary judgment, dismissed as moot Hardee's alternative motion for judgment on the pleadings or to dismiss Counts II and III, and denied the parents' motions to strike and for reconsideration.

On appeal, the parents argue that the district court erred in (1) failing to deem as admitted matters contained in Hardee's responses to the parents' requests for admission for purposes of analyzing the summary-judgment motion; (2) denying their

motion to strike certain declarations; (3) conducting its choice-of-law analysis; and (4) granting summary judgment to the defendants on all claims.

Having carefully reviewed the record and the parties' arguments on appeal, we conclude that the district court did not err. *See Sheets v. Butera*, 389 F.3d 772, 780 (8th Cir. 2004) ("Our review of questions concerning discovery matters is very deferential. We will not reverse such a determination absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." (cleaned up)); *Lacey v. Norac, Inc.*, 932 F.3d 657, 660 (8th Cir. 2019) ("We review the district court's ruling on a plaintiff's motion to strike evidence for abuse of discretion."); *Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 36 F.4th 772, 775 (8th Cir. 2022) ("This court reviews de novo the district court's choice-of-law determination."); *Frosty Treats Inc. v. Sony Comput. Ent. Am. Inc.*, 426 F.3d 1001, 1003 (8th Cir. 2005) ("We review a grant of summary judgment *de novo*, applying the same standards as the district court.").

Accordingly, we affirm the judgment of the district court. *See* 8th Cir. R. 47B.

_____